(88 South. 232)

No. 24447.

## WALKER v. YOUNG MEN'S ST. MICHAEL'S MUT. AID & BENEVOLENT ASS'N.

## In re YOUNG MEN'S ST. MICHAEL'S MUT. AID & BENEVOLENT ASS'N.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. Insurance ☞795—Burial expenses recoverable from benevolent association only on proof that plaintiffs incurred them.

Plaintiffs, children of the member of a benevolent association, *held* not entitled to recover their father's burial expenses in the absence of proof that they incurred such expenses; the by-laws providing that a specified sum would be allowed by the society for funeral expenses, and that whenever the family of a deceased member should have supervision of the funeral, the president of the relief committee would, immediately after the member's death, inform them that the funeral expenses allowance would be paid at the earliest convenience.

2. Insurance ☞771—Beneficiaries limited by charter.

A mutual benefit association, the charter of which declares that it is organized for the purpose of providing relief for the widows and orphans of its deceased members by endowment, is without right to issue a policy of endowment in favor of another person, such as the member's concubine.

148 La.—31

3. Insurance ☞778—On failure to designate beneficiary society not liable.

Under by-law providing that the society will not be responsible for payment of death contributions or assessments where the deceased member fails to designate any person, if the beneficiary designated is ineligible, as where she is the member's concubine, the amount of the policy is not payable to the member's heir or heirs included among the persons entitled to the benefit under the charter, and the society is not liable for the payment of any death benefit; and this nonliability is not affected by the fact that it has levied the contribution or assessment for the death; its only duty in such case being to return to the living members the contribution thus levied upon them without authority.

Certiorari to Court of Appeal, Parish of Orleans.

Suit by Charles Walker, tutor of the minor children of Leon Dejan, against Young Men's St. Michael's Mutual Aid & Benevolent Association. Judgment for defendant was reversed by the Court of Appeal, and defendant applies for certiorari or writ of review. Judgment of the Court of Appeal set aside, and judgment of the district court reinstated and made the judgment of the Supreme Court.

Loys Charbonnet and Raymond Gauche, both of New Orleans, for applicant.

George J. Untereiner, of New Orleans, for respondent.

PROVOSTY, J. The charter of the defendant association provides:

"The object and purposes of this corporation are hereby declared to be to aid and assist its members, their widows, and orphans in sickness, and in need, to bury their dead, and generally to practice such charity and benevolence, and to bestow and extend such assistance and relief towards and amongst its members, their widows and orphans, as may hereinafter be determined upon by the rules and regulations."

The by-laws provide as follows:

"Article 16. Of Funeral.

"Section 33. The sum of $55.00 (fifty-five dollars), together with $5.00 (five dollars) for the

wake, will be allowed by the society for funeral expenses. Whenever the family of a deceased member shall have supervision of the funeral, the president of the relief committee will immediately after the death of a member inform them that the allowance for funeral expenses will be paid at the earliest convenience.

"Section 34. At the time of the death of an active member, each member shall contribute the sum of fifty cents (50¢) payable in two assessments of twenty-five cents (25¢) each; said amount to be paid in cash to the beneficiaries of the deceased that he has designated. Members failing to designate any person the society will not be responsible for payment of said contribution. Designations will be received by the recording secretary."

This suit is by the minor children of Leon Dejan through their tutor. They allege that their father was a member of said association in good standing when he died, and that they are entitled to the benefits hereinabove named. They allege that the beneficiary named by their father was his concubine, incapable of receiving from him, and that therefore the designation of her as beneficiary was null.

[1] The association answers that if the designation which was made was null, then there was no designation and the following rule and regulation comes into play:

"Members failing to designate any person the society will not be responsible for payment of said contribution"

—and answers further that the plaintiffs did not incur the burial expenses of their father, but that the concubine did, and that therefore at all events the plaintiffs are not entitled to recover anything for burial expenses.

We find not a word in the evidence going to show who incurred said expenses. The plaintiffs are therefore clearly not entitled to recover burial expenses.

[2, 3] The view taken of the case by the Court of Appeal is very clearly set forth in the syllabus of its decision as follows:

"A mutual benefit association, the charter of which declares that it is organized for the purpose of providing relief for the widows and orphans of its deceased members by endowment, is without right to issue a policy of endowment in favor of another person.

"If the beneficiary designated in the policy is ineligible to receive, the amount of the policy must be paid to the heir of the member included among the persons entitled to the benefit under the charter."

We can agree with the conclusion expressed in the first paragraph of this syllabus, but not with that expressed in the second paragraph, which has been adopted by the court as a necessary deduction from the first. The by-law, that "the association shall not be responsible for the payment of said contribution" where the member has failed to designate a beneficiary, appears to us to be controlling. Of course, a by-law cannot stand in opposition to the charter itself; but there is nothing either in the charter or in the constitution of the defendant association which compels it to levy a contribution for the payment of benefits, and still less anything imposing the obligation to pay any such benefits. The by-laws alone impose such obligation; and since one by-law must be read in connection with all the other by-laws the situation is that, while one by-law requires a benefit contribution to be levied at the death of a member, another by-law exempts the association from this obligation when no beneficiary has been designated by the deceased member; so that the association is under no obligation in the premises when, as is contended by the plaintiffs and found by the Court of Appeal, no beneficiary has been designated by the deceased member.

The evidence shows that the association did, as a matter of fact, levy the contribution. But it did so, evidently, on the assumption that a beneficiary had been designated. On the contrary assumption it was without authority to do so. The fact of this levy having been made could not possibly give rise to any obligation in favor of plaintiffs; but only to that of returning to the living mem-

bers this contribution thus levied upon them without authority.

The obligation of the living members to pay dues to the association, and that of the association to pay benefits to beneficiaries, has no other source than the contract which united the members with the association, and all valid by-laws enter into and form part of this contract; and under the express terms of these by-laws the defendant association is under no obligation to pay benefits when a beneficiary has not been designated.

The judgment of the Court of Appeal is therefore set aside, and the judgment of the district court is reinstated and made the judgment of this court. Plaintiffs to pay all costs.