CHANCE v. GRAND LODGE, KNIGHTS OF PYTHIAS, STATE OF LOUISIANA, OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AFRICA AND AUSTRALIA

———

(January 27, 1930. Opinion and Decree.)
(March 10, 1930. Rehearing Refused.)
(May 5, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

———

Johnston Armstrong, of New Orleans, attorney for plaintiff, appellant.

F. B. Smith, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff, alleging that she is the beneficiary and widow of the deceased, entered suit against defendant, a fraternal organization, on an endowment insurance policy issued to deceased as one of its members. Defendant denied liability, and alleged that the proceeds of the policy, $500, was paid to the three children of the deceased, designated as beneficiaries in the policy by him, and that the payment was made in accordance with the constitution and by-laws of the association. There was judgment in favor of the defendant dismissing plaintiff's suit, and plaintiff has appealed.

The record shows that the deceased, George Watson, was married to Carolina Chance on June 2, 1894, at Napoleonville, Assumption parish, this state. Watson became a member of one of the defendant's lodges on October 12, 1903, and designated his sister, Susan Hanna Hagan, as beneficiary. On April 14, 1919, Watson requested that the beneficiary be changed from his sister to his mother, Fanny Frazier. Fanny Frazier died on July 2, 1923, and on February 8, 1926, Watson changed the beneficiary to Angelina, Marion, and Julia Watson, his daughters. Watson died on October 2, 1927, and Julia Watson, apparently his common-law wife, as widow of George Watson, qualified as natural tutrix of Angelina, Marion, and Julia Watson in pro-ceeding No. 171809 of the civil district court for the parish of Orleans, and upon due application made by the natural tutrix, the proceeds of the policy, amounting to $500, was paid to the designated beneficiaries through their natural tutrix. It appears that prior to the payment plaintiff had informed the Grand Chancellor of the defendant that she was the lawful widow of the deceased and expected the proceeds of the policy to be paid to her. While the petition alleges that the plaintiff was originally designated beneficiary under the policy, the proof conclusively shows that she was never, at any time, designated as the beneficiary of the policy by the deceased, Watson.

Plaintiff contends that Angelina, Marion, and Julia Watson are the illegitimate daughters of the deceased, and, since they are ineligible both by the constitution and by-laws of the association and the law of the state of Louisiana, that the money should have been paid to plaintiff as the lawful widow of the deceased.

Defendant contends that plaintiff is without any legal right to institute this suit and question the payment of the proceeds of the policy to the designated beneficiaries, as she is without any vested right or interest in the policy, and, second, that the payment of the proceeds to the designated beneficiaries was lawfully made.

The law of Louisiana on this subject-matter is found in Act 256 of 1912, which provides for the organization and regulation of associations transacting the business of life insurance on the fraternal plan in this state. Section 6 of the act reads as follows:

"That the payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law,

stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member. * * *"

Section 5, article 2, of the endowment laws of defendant provides that:

"A member of the order of Knights of Pythias may change the name of the beneficiary on his policy in accordance with the laws of the State of Louisiana without obtaining the consent of the beneficiary or beneficiaries named on the policy previously issued."

And section 2 of article 1 of the endowment laws of defendant contains this provision:

"The said benefits shall be confined to wife, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption or to a person or persons dependent upon the members for support."

Counsel for plaintiff says that, as the daughters of the deceased were illegitimate children, they were ineligible to be designated as beneficiaries of the policy, and as she is the lawful widow of the deceased and the first party designated in the statute and in the constitution and by-laws of the association as an eligible beneficiary, that the money should be paid to her.

As we view the case, the first inquiry is whether or not the plaintiff has any right to bring this suit, for, if she is without any right or interest in the policy, the matter of the payment of the proceeds of the policy cannot be questioned by her.

The record clearly shows that the plaintiff at no time was ever designated as beneficiary of the policy. If she had been, and later an ineligible beneficiary had been named, it might be argued that the change of beneficiary as against her would be ineffective. Plaintiff contends that as the stat-

ute and the constitution and by-laws of the association designate the wife first in listing the eligible beneficiaries, she is therefore to be considered as the beneficiary of the policy, because the deceased's attempt to designate as beneficiaries his illegitimate children would be illegal and in violation of both the statute and the constitution and by-laws of the association. We are unable to follow counsel in this contention, because both the statute and constitution and by-laws merely name the persons, or class of persons, who are eligible to be designated as beneficiaries. The language does not in any way indicate that the beneficiaries named in the statute and constitution and by-laws shall be considered as beneficiaries in the order named, in default of the insured designating a beneficiary, or in the event he should designate an ineligible beneficiary. We are convinced that if it had been the intention of the Legislature, or the officers in charge of the defendant association, that the beneficiary should be taken in the order listed in the statute and the constitution and by-laws, language conveying such meaning would have been placed in the statute and constitution and by-laws.

The Legislature, in amending and re-enacting article 2315 of the Revised Civil Code, giving a right of action for death, specifically provides the beneficiaries in the order in which they are listed, and in default of the first-named beneficiary, the second one is to be considered the beneficiary, and so on through the entire list of persons or class of persons made eligible as beneficiaries under the article of the Code.

Corpus Juris, verbum Mutual Benefit Insurance, par. 189, page 245, volume 45:

"In case a member of a beneficiary society fails to designate a beneficiary, the ben-

efits are to be distributed in the manner prescribed by the statute or the laws of the society or the certificate of membership, and a liberal construction should be given to such provisions. In the absence of any provisions for such a case, the society is liable to no one; and, unless the society's charter provides otherwise, it is competent for the society to enact by-laws providing that if the member fails to designate a beneficiary, and there are no persons living to whom the benefits are otherwise payable, no liability shall accrue on the contract, and the fund shall revert to the society. It amounts to a failure to designate a beneficiary within these rules where the certificate as issued is payable to the member's devisees, or as he may direct by will, and he dies intestate; or where a member revokes a previous designation without making another, or where the designation is for any reason invalid or ineffective."

As neither the statute, nor the constitution and by-laws of the defendant association, designates who shall be the beneficiary where the insured fails to designate a beneficiary, or designates an ineligible beneficiary, we do not feel that the plaintiff has any vested right or interest in the policy, and she is therefore without any right to question the payment made by the defendant association. Whether or not the payments made by defendant association are legal is of no moment, as the plaintiff is without any right to raise this issue. We do not deem it necessary to pass upon the question of whether or not the payment in this case was legal, as we find that the plaintiff, as lawful widow of the deceased, was without any right to bring this suit.

Counsel for plaintiff states that after an exhaustive search he was unable to find a Louisiana case in point, and cites several authorities of other states which we do not consider applicable here.

For the reasons assigned, the judgment is affirmed.