## SUCCESSION OF JONES

———

(March 10, 1930. Opinion and Decree.)

———

W. J. Hopper and Henry Huckabee, of New Orleans, attorneys for plaintiff, appellee.

Chas. J. Mundy, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Louise Williams, the widow of William Jones, deceased, opened his succession in the civil district court for the parish of Orleans and by judgment rendered November 15, 1928, caused herself to be put in possession of his entire estate, including a certain policy of insurance with the Grand United Order of Odd Fellows in the sum of $500. Subsequently, on November 30, 1928, Sadie Smith, alleging herself to be the beneficiary named in the insurance policy issued by the Grand United Order of Odd Fellows, of which Louise Williams had been put in possession, brought an action of nullity in which she asked that the judgment of October 17, 1928, in so far as it placed Louise Williams in possession of the policy of insurance, be decreed null and that she be recognized as entitled to the avails of that policy. The

district court rendered judgment in favor of Susie Smith, as prayed for, and defendant has appealed.

The first question for our consideration involves the standing of Sadie Smith and her interest in the policy, because, if she can be said to be without interest to attack the judgment, its validity will not be inquired into. Sadie Smith is described in the policy as the godchild of the assured, William Jones. The legal right of Jones to designate his godchild is assailed. The charter and constitution of the Odd Fellows was admitted in evidence over the objection of counsel for Sadie Smith. His objection was based upon the ground that the named beneficiary had paid all the premiums on the policy and was entitled to receive its face value, no matter what the charter provided. Succession of Johnson, 115 La. 20, 38 So. 880, was cited as authority for this proposition. The case referred to is not in point for the reason that in that case there was a stipulation in the policy itself to the effect that the beneficiary should pay the premiums, and the court viewed the matter as a contract which the parties had made for themselves. Here there is no such stipulation, if, indeed, the charter could legally so provide. The constitution and charter were properly admitted. The constitution, in its preamble, declares the purpose of establishing a bureau of endowment to be:

"To Establish a Bureau of Endowment for the Benefit of Our Widows and Orphans of the Grand United Order of Odd Fellows Under the Jurisdiction of District Grand Lodge No. 21, Incorporated, of Louisiana."

The charter contains the following:

"The objects and purposes for which this corporation is formed, are to give aid and assistance to its members in case of sick-

ness and provide for their burial in case of death; also to provide relief for the widows and orphans of its deceased members, by endowment or otherwise, in accordance with the usages and discipline of the Grand United Order of Odd Fellows."

Article 1. Section 1. "Upon satisfactory proof of the death of an Odd Fellow in good standing, who has complied with all requirements of the Order and the provisions of these laws, a sum of money named in his certificate shall be paid to the heirs, legal representative or payee named in accordance with the laws as may hereafter be enacted by the District Grand Lodge, provided that the sum to be paid under said certificate is granted by and subject to the provisions hereinafter set forth."

In 1929 the following amendment to the charter was adopted:

Article 2. "The objects and purposes for which this corporation is formed, are to give aid and assistance to its members in case of sickness and to provide for their burial in case of death; also to provide relief for the widows and orphans of its deceased members by endowment or otherwise, in accordance with the usages and discipline of the Grand United Order of Odd Fellows; provided, that the payment of endowment shall be confined to the following classes, wife, children, father, mother, a brother, sister and relative by blood to the fourth degree, or to a person or persons dependent upon the member."

It will be observed that, in establishing the endowment bureau, the order emphasizes its purpose to be for the benefit of the widows and orphans of its members, and it is argued that, since Sadie Smith, was neither the one nor the other, but the godchild of a deceased member, the attempt to make her the beneficiary of the insurance must fail, because no provision for such beneficiary has been made in the organic law of the Odd Fellows; that the policy in favor of Sadie Smith was "ultra vires," and that, therefore, she could acquire no rights under it.

In the case of Richardson vs. District Grand Lodge No. 21, Grand United Order of Odd Fellows, 126 So. —, of this court, decided November 19, 1917, a case involving the same fraternal order, and where the facts were almost identical, it was held that "the insertion of the name of Mary Smith, a sister of the deceased member, as beneficiary in the policy issued to him by the Bureau of Endowment, was unauthorized by the Charter, and therefore ultra vires and conferred no rights upon Mary Smith." The following authorities were cited in that opinion, which for convenience, are reproduced here:

"Where the classes of persons to whom benefits may be paid are prescribed by statute or by the Society's charter of incorporation, neither the Society nor a member, nor the two combined, can divert the fund from the classes prescribed; the Society has not power to issue a certificate payable to a person belonging to one of those classes, and the designation of a person thus ineligible as beneficiary is nugatory."

"While the society may, through appropriate legislation, restrict the classes of persons to whom by statute or charter, benefits may be paid, it cannot enlarge them. Palmer v. Welch, 132 Ill. 141, 23 N. E. 412, 414; Grand Lodge A. O. U. W. v. Gandy, 63 N. J. Eq. 692, 53 A. 142; Di Messiah v. Gein, 10 Misc. Rep. 30, 30 N. Y. S. 824; Union Fraternal League v. Walton, 109 Ga. 9, 34 S. E. 317, 46 L. R. A. 424, 77 Am. St. Rep. 350; Wallace v. Madden, 168 Ill. 356, 48 N. E. 181; 28 Century Dig. 1933; Kentucky Masonic Mutual Life Ins. Co. v. Miller, 13 Bush (Ky.) 489; Supreme Council American Legion of Honor v. Perry, 140 Mass. 580, 5 N. E. 634; National Mutual Aid Ass'n v. Gonser, 43 Ohio St. 1, 1 N. E. 11; Masonic Ben. Ass'n v. Bunch, 109 Mo. 578, 19 S. W. 25; Supreme Lodge Knights of Honor v. Nairn, 60 Mich. 44, 26 N. W. 826; Daniels v. Pratt, 143 Mass. 216, 10 N. E. 166; Duvall v. Goodson, 79 Ky.

224; State v. Central Ohio Mutual Relief Ass'n, 29 Ohio St. 399; Niblack on Benefit Societies (2d Ed.) p. 41, 311; 2 Fletcher Cyc. Corporations, p. 1824 C 872; Cerny v. Jednota Cesky Dam, 146 Ill. App. 518; Norwegian Old Peoples' Home Society v. Wilson, 176 Ill. 94, 52 N. E. 41; People ex rel. Peabody v. Chicago Gas Trust Co., 130 Ill. 268, 22 N. E. 798, 8 L. R. A. 497, 17 Am. St. Rep. 319; National Home Building & Loan Ass'n v. Home Savings Bank, 181 Ill. 35, 54 N. E. 619, 64 L. R. A. 399, 72 Am. St. Rep. 245; Best Brewing Co. v. Klassen, 185 Ill. 37, 57 N. E. 20, 50 L. R. A. 765, 76 Am. St. Rep. 26; Steele v. Fraternal Tribunes, 215 Ill. 190, 74 N. E. 121, 106 Am. St. Rep. 160; Caudell v. Woodward, 15 Ky. Law Rep. 63; 6 Am. Dig. 2106." 29 Cyc. p. 108—Mutual Benefit Insurance.

"The application of the funds of a beneficial society is controlled by its charter of incorporation or its articles of association and its constitution and by-laws, as well as by statute, and the association, its subordinate branches, or the members thereof, have no power to divert the funds from the purposes to which, under the laws of the order, they have been dedicated." 7 C. J. p. 1086, sec. 40—Beneficial Associations.

But it is said that Sadie Smith may recover under the amendment to the charter adopted in 1929, which provides "that the payment of endowment shall be confined to the following classes, wife, children, father, mother, brother, sister and relative by blood to the fourth degree, or to a person or persons dependent upon the member." Sadie Smith is said to be a person dependent upon the deceased Jones, and therefore entitled to recover under this amendment. In view of the testimony in the record and the argument in this court to the effect that Sadie Smith paid all the premiums on this policy for fifteen years prior to Jones' death, and assisted in supporting him during that period when he was totally blind, it is difficult to understand how, under these circumstances, which make out a complete dependency on

the part of Jones, it can be argued that the reverse is true and Sadie Smith the dependent. In the pleadings, Sadie Smith, referred to in the policy as the godchild, is declared to be the illegitimate child of Jones, who, for many years prior to his death, had been living apart from his wife, Louise Williams. Whether Sadie Smith be illegitimate or not is unimportant. She is certainly not dependent in any reasonable sense of the word. The fact that she has been of great service to the deceased, and if, as she claims, she has paid the premiums for so many years, she may be a creditor of his succession, but whatever financial assistance she may have rendered Jones in his lifetime cannot support her claim as his beneficiary under the policy. Act No. 115 of 1906, as amended by Act No. 256 of 1912, which extends the list of beneficiaries which may be named by members of fraternal orders, has no application here, because the act makes no mention of godchildren as within the extension. As was said in the Richardson case, supra:

"The object of the limitation of the beneficiaries by the above act was obviously to prevent corporations from assuming the name and outward form of a mutual benefit society with the privileges and exemptions accorded to such organizations by law, while in reality they were carrying on an ordinary business of insurance relieved from its burdens. It is evident that a person not named in the above section could acquire no rights as beneficiary in a death certificate. This is a state law governing all benefit corporations; in the present case the charter of the defendant corporation is the law which it has made for itself. One is as binding as the other. If it is the desire of the defendant Lodge to extend the scope of its possible beneficiaries to more persons than the "Widow and Orphans" designated in its charter, and to embrace some or all of the persons authorized by section 6, it must amend its charter in the manner provided by law. But until it has done so, the "Widow and

Orphans" are the only possible legal and contractual beneficiaries."

See, also, Carolina Chance vs. Grand Lodge, Knights of Pythias, etc., (125 So. 894).

It follows, from what has been said, that Sadie Smith, the plaintiff in the action of nullity, is without interest to attack the judgment complained of, since the avails of the insurance policy which she claims cannot be paid to her under any circumstances.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendant, Louise Williams, widow of William Jones, dismissing the suit of said Sadie Smith at her cost.