BIAMI v. CO-OPERATORS FRATERNELS BENEVOLENT AID ASSN.

(December 1, 1930. Opinion and Decree.)
(December 15, 1930. Rehearing Refused.)

S. S. Goldman, of New Orleans, attorney for plaintiff, appellee.

Loys Charbonnet, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff brings this action to recover the amount which she alleges is due her as the holder of a death benefit certificate issued by the defendant fraternal association. The defense is that a new certificate had been issued upon the application of the deceased member in favor of another beneficiary and in lieu of the one held by plaintiff and that, therefore, the holder of the new certificate and not the plaintiff was entitled to the money claimed by the plaintiff in this suit. There was judgment in favor of the plaintiff for the sum of $135 and defendant has appealed.

On the trial of the case it was shown that the plaintiff was the surviving widow of a member of the defendant association and that a death benefit certificate on her husband's life was issued in her favor on January 16, 1908. On June 8, 1916, on application of the deceased, a new certificate was issued in lieu of the old one, in favor of Louise Miller as beneficiary. Upon the death of the deceased, $1 for each active member was assessed in accordance with the provisions of the death benefit certificate and the constitution and by-laws of the defendant association, amounting to the sum of $135, the fund for which the present suit is brought. Plaintiff is the holder of the original certificate and Louise Miller is the holder of the last certificate. Both lay claim to the money and the company has held the funds in its possession to await the decision of the court in this matter.

It is the contention of the plaintiff that, as the first designated beneficiary and widow of the deceased, she had a vested interest in the death benefit certificate and, as Louise Miller is not one of the designated beneficiaries under section 6 of

Act 256 of 1912 and section 90 of the by-laws, that the issuance of the second certificate is without any legal effect.

The defendant contends that the death benefit certificate upon its face expressly provides that the member may, at any time, change the designated beneficiary of the certificate to another person and that section 90 of the by-laws, wherein the widow and orphan children are named as beneficiaries, would only be operative where the deceased failed to designate a beneficiary.

It appears that the defendant is an incorporated fraternal and benevolent association and that it issued death benefit certificates on the lives of its members in favor of a person or persons who were designated as beneficiaries in the certificate. Such associations are regulated and governed by the provisions of Act 256 of 1912. Section 6 of that Act provides:

"That the payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member * * *."

Section 90 of the association's by-laws reads:

"At the death of an active member, each active member will be assessed the sum of fifty cents for his widow, in default of a widow to his orphans, and in default of his orphans to the one whomsoever had charge of him during his sickness and can furnish sufficient proofs."

It is not intimated, in fact it is not contended, that Louise Miller, the party designated as beneficiary of the second certificate, was related in any manner whatsoever to the deceased member, or dependent upon him. The statute definitely fixes the classes of persons who are eligible to be designated as beneficiaries, and, since Louise Miller does not come within any of such classes, the designation of her as beneficiary was a nullity and in no manner affected the rights of the original beneficiary, the widow of deceased and the plaintiff in this suit.

In the recent case of the Succession of Jones, 12 La. App. 592, 126 So. 730, 731, this court quoted with approval the following language from Richardson v. District Grand Lodge No. 21, a case also decided by this court and handed down November 19, 1917, to-wit:

"Where the classes of persons to whom benefits may be paid are prescribed by statute or by the Society's charter of incorporation, neither the Society nor a member, nor the two combined, can divert the fund from the classes prescribed; the society has not power to issue a certificate payable to a person (not) belonging to one of those classes, and the designation of a person thus ineligible as beneficiary is nugatory."

See, also, Chance v. Grand Lodge Knights of Pythias, 13 La. App. 362, 125 So. 894.

Since the appointment of Louise Miller as beneficiary was a nullity, the original beneficiary remains unchanged. In the case of the Succession of Blackwell, 12 Orleans Appeal 395, it was said:

"By reason of the substitution of the new beneficiary being void, the original beneficiary remained unaffected."

Consequently, for the reasons assigned, the judgment appealed from is affirmed.