## GRAYSON v. LIFE INS. CO. OF VIRGINIA.*
### No. 14200.

Court of Appeal of Louisiana. Orleans.
Nov. 21, 1932.

Charles J. Mundy, of New Orleans, for appellant.

Solomon S. Goldman, of New Orleans, for appellee.

Jules A. Grasser, of New Orleans, for intervener.

HIGGINS, J.

Mrs. Angie Grayson, also known as Angie Blisset, claiming to be the beneficiary of a life insurance policy issued by the defendant company to William Blisset on July 24, 1905, sued to recover the face value thereof, $186.85. The defendant filed an answer admitting the issuance of the policy, proper proof of death, and interpleaded one Rosa Blisset, who claimed the proceeds of the policy as the lawful widow of deceased. The defendant secured an order to deposit the proceeds of the policy in the registry of the court in order that it might be paid to the claimant whom the court held to be legally entitled to it.

Rosa Blisset filed a petition of intervention and an answer in which she set up the following claims and defenses: (1) That the deceased intended to name her as beneficiary, and that, as she is the lawful widow of the deceased, she is entitled to the proceeds of the policy; (2) that, as plaintiff was the concubine of the deceased, she could not be lawfully designated as beneficiary; (3) that the purported change of beneficiary to the plaintiff was unauthorized and a forgery; (4) that the proceeds of the policy should be applied to the payment of the balance due on the funeral bill.

There was judgment dismissing the entire suit, and the plaintiff alone has appealed.

The record shows that the policy was issued on July 24, 1905, and the mother of the deceased was named as beneficiary. Upon his mother's death, deceased, in writing, named his sister as beneficiary on February 18, 1915. His sister having subsequently died, upon his written request the beneficiary was changed to the plaintiff "Angie Blisset (relationship wife)." The insured died in this city on August 16, 1931.

We shall take up the issues raised by the intervener in the above order. It appears from the record that the intervener was at no time designated as the beneficiary of the policy by name. She contends that, as the record shows that plaintiff was the concubine of deceased, it was his intention to name his wife, Rosa Blisset, and not Angie Blisset, as beneficiary, and that the court should hold that she, Rosa Blisset, is the beneficiary. The evidence shows that the plaintiff had lived with the deceased as his common-law wife for a number of years, and that he looked upon her as his wife. It is quite unlikely that, if he intended to name Rosa Blisset as his beneficiary, he would have named, in writing, Angie Blisset as beneficiary. It is our opinion that it was the intention of the deceased to name Angie Grayson, also known as Angie Blisset, as the beneficiary of the policy, and that he designated her as his wife because he had been living with her as his common-law wife. Therefore, having found that the plaintiff was the party intended to be named as beneficiary by the deceased, can it be said that the intervener, as widow, has any claim to the proceeds of the policy?

In Chance v. Grand Lodge Knights of Pythias, etc., 13 La. App. 362, 125 So. 894, this court held that, where the widow had never been named as beneficiary of the policy, she was without any right to the proceeds thereof.

The point made by intervener that, as plaintiff was living with deceased as his concubine, she was ineligible to be named as beneficiary, is clearly without merit. Sizeler v. Sizeler, 170 La. 128, 127 So. 388.

The evidence in the record is wholly insuf-

644

ficient to prove that the deceased did not authorize the change of beneficiary, and that his signature to the written application for that purpose was a forgery; consequently that issue is also decided in favor of the plaintiff.

■ As to the final claim that the proceeds of the policy should be paid to the intervener for the purpose of paying the balance due on the funeral bill, the record shows that the beneficiary did not order the funeral, and that the intervener took charge of the body of the deceased in the absence of plaintiff and had the remains of the insured interred. While his estate might be liable for the payment of the funeral bill, we have not been referred to any authority which would justify us in holding that the proceeds of the life insurance policy here would be subject to that claim, particularly in the absence of such a provision in the policy.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of Angie Grayson, also known as Angie Blisset, plaintiff, against the Life Insurance Company of Virginia, defendant, in the sum of $186.85, to be paid from the money now on deposit in the registry of the trial court.

It is further ordered, adjudged, and decreed that the petition of intervention of Rosa Blisset be, and the same is hereby, dismissed; all costs of these proceedings to be paid by intervener.

Reversed