### BURKE v. DISTRICT GRAND HOUSEHOLD OF RUTH NO. 26 et al.
### No. 1194.

Court of Appeal of Louisiana. First Circuit.

June 30, 1933.

C. A. Blanchard, of Morgan City, for appellant.

Rene H. Himel, of Franklin, and F. B. Smith, of New Orleans, for appellees.

MOUTON, Judge.

In her petition, Clara Burke, plaintiff, alleges that her husband, John Burke, died in 1932, and at his death carried on his life an insurance policy for $300 with the defendant fraternal organization.

She makes the following further allegations:

"That the said policy was payable to the following beneficiaries:

"(1) The sum of $150.00 to Sarah Missiah of St. Mary Parish, Louisiana, the niece of said John Burke, deceased;

"(2) The sum of $150.00 to Henrietta Martin of St. Mary Parish, Louisiana, who is not related in any degree whatever to said John Burke and is therefore prohibited under the rules, regulations and by-laws of the order and by the fraternal insurance laws of the State of Louisiana, from being a beneficiary under said policy."

She also alleges that the said John Burke had no children or forced heirs at the time of his death, and that, as surviving spouse and widow in community, she is entitled to receive the $150 made payable to Henrietta Martin.

Hence the only question presented is as to whether she is entitled to recover the $150 devised to Henrietta Martin under the policy.

The solution of this question depends upon the proper application of the provisions of section 6 of Act No. 256 of 1912, p. 565, which provides for the organization and regulation of fraternal associations.

Under section 6 of that act, "the payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree," etc. of the members of the organization.

In the petition of the plaintiff, it is alleged (and which must be taken as true under the exceptions) that Henrietta Martin is not related in any degree whatsoever to John Burke, and that consequently she could not be named as his beneficiary under that statute. Not being listed among those entitled to death benefits under section 6 of that act, it is evident that John Burke could not name her as his beneficiary.

This is true, but the question arises as to whether plaintiff, the surviving wife of John Burke, has a right of action for the amount made payable to Henrietta Martin under the policy.

In the case of Chance v. Grand Lodge K. P., State of Louisiana, etc., 13 La. App. page 362, 125 So. pages 894, 895, Watson, member of the defendant fraternal benefit society, had named his illegitimate children as his beneficiaries. It is evident that these illegitimate children, under Act No. 256, of 1912, could not be designated by Watson as his beneficiaries, because no death benefits could have been conferred upon them there-

under. In passing on the question in the decision above cited the court said, quoting: "The record clearly shows that the plaintiff at no time was ever designated as beneficiary of the policy. If she had been, and later an ineligible beneficiary had been named, it might be argued that the change of beneficiary as against her would be ineffective."

The court, in discussing the question presented, said that counsel for the plaintiff contended that she should be declared the beneficiary because the wife is the first one listed among the beneficiaries designated in the statute. The court stated it could not agree with counsel, as the statute undertook only to name the persons or class of persons, "who are eligible to be designated as beneficiaries."

The very first words of section 6 of the statute say: "That the payment of death benefits shall be confined to wife, husband," etc., which mean that, when the death benefits are so conferred, the parties designated in the statute become beneficiaries, but not until they are so designated.

The court then said that the language of the statute does not indicate that those named in the statute shall be considered as beneficiaries in the order named, in default of the insured "designating a beneficiary, or in the event he should designate an ineligible beneficiary."

Plaintiff herein not having alleged anywhere in her petition that she had been designated by John Burke as a beneficiary under the policy, she is, according to the case heretofore referred to, without any interest or right in the policy.

In the case of Grayson v. Life Ins. Co. of Virginia (La. App.) 144 So. page 643, the court adhered to the same doctrine, holding that the widow never named as beneficiary of husband's policy had no right to proceeds thereof.

In the case of Biami v. Co-Operators Fraternels Benevolent Aid Association, 15 La. App. 248, 131 So. 201, 202, a death certificate was issued by the association in favor of plaintiff, surviving widow of the deceased member of the organization. Subsequently, on the application of deceased, a new certificate was issued in lieu of the old in favor of Louise Miller as beneficiary. The court held that Louise Miller did not come in the list of those that can be designated as beneficiaries under the provisions of the statute, and that her designation as a beneficiary was a nullity. In that case it will be noted that the association had issued in favor of plaintiff, widow of the deceased member, a death benefit certificate on her husband's life, and obviously as one designated under the provisions of the statute, she became a beneficiary thereunder. As such she had a vested interest and right in the policy. Hence the court

in concluding the opinion said: "Since the appointment of Louise Miller as beneficiary was a nullity, the original beneficiary remains unchanged."

And quoting from the Succession of Blackwell, 12 Orl. App. 395, said: "By reason of the substitution of the new beneficiary being void, the original beneficiary remained unaffected."

In this case there is not the slightest indication in the petition of the plaintiff, widow of deceased, John Burke, that a death certificate had ever been issued in her favor by defendant association or that she ever was designated as beneficiary. If such an allegation had been made, the truth of which had to be accepted under the exceptions, she would have had a cause of action to recover as against Henrietta Martin, the alleged nonrelative of the deceased.

Plaintiff, not being a beneficiary, has no vested right in the policy and no right of action in this case, as held below.

Judgment affirmed.