## LEWIS v. YOUNG FRIENDS OF HOPE BENEV. ASS'N.

### No. 14502.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1933.

J. A. Woodville, of New Orleans, for appellant.

Rene C. Metoyer and Jos. A. Thornton, both of New Orleans, for appellee.

JANVIER, Judge.

Defendant is a benevolent association organized and conducting its affairs under the laws of this state. The record which we find before us and particularly the Constitution and by-laws of the association show that defendant association is such as is now governed and controlled by the provisions of Act No. 115 of 1906, as amended by Act No. 256 of 1912.

Plaintiff alleges that Peter Bijou, at the time of his death, was a member in good standing of defendant association.; that the said Bijou had designated petitioner as his beneficiary in said association, but that, notwithstanding said designation, defendant association refuses to recognize her as beneficiary and to pay to her the amount to which she alleges that she, as beneficiary, is entitled.

Defendant denies that Bijou designated plaintiff as his beneficiary. and particularly avers that "plaintiff is not related to the deceased, Peter Bijou, by consanguinity or affinity. * * *"

On the trial below plaintiff attempted to show that Bijou had, prior to his death, executed a document substantially in the form required by the regulations of the association and had, in it, designated her as' his beneficiary.

Defendant, on the other hand, exerted every effort to prove that the document referred to was informal in many respects and that no designation of a beneficiary could be said to result from it.

The judge, a quo, felt that there was not sufficient evidence to justify a holding that plaintiff had been properly designated, but did not render a judgment of absolute dismissal, instead rendering judgment of nonsuit.

■ Whether or not the document presented was in fact executed by Bijou and whether it is informal are matters of no moment, because even had that so-called designation been clothed with all the formalities provided in the association's regulations, nevertheless, it would have had no effect because, in view of the provisions of section 6 of Act No. 256 of 1912, plaintiff could not have been named as beneficiary by Bijou since she was not a member of any one of the classes from which, under that section, beneficiaries are permitted to be selected. This section reads in part as follows: "That the payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member. * * *"

That plaintiff was not within any of the designated classes she admits. "Q. What relation are you to Peter Bijou? A. I am no relation at all to him."

Nor was she dependent upon him. On the contrary, her own testimony shows that he was entirely dependent upon her.

Furthermore, the testimony of plaintiff shows that surviving Bijou there is a daughter.

Plaintiff could not be named as beneficiary even had there been no doubt as to Bijou's intention and even had that intention been set forth with all required solemnity and formality.

The facts of this case bring it within the rule followed by us in Succession of Jones, 12 La. App. 595, 126 So. 730, 731, in which we discussed every point now raised. In that case we said: "Sadie Smith is said to be a person dependent upon the deceased Jones, and therefore entitled to recover under this amendment. In view of the testimony in the record and the argument in this court to the effect that Sadie Smith paid all the premiums on this policy for fifteen years prior to Jones' death, and assisted in supporting him during that period when he was totally blind, it is difficult to understand how, under these circumstances, which make out a complete dependency on the part of Jones, it can be argued that the reverse is true and Sadie Smith the dependent. In the pleadings, Sadie Smith, referred to in the policy as the godchild, is declared to be the illegitimate child of Jones, who, for many years prior to his death, had been living apart from his wife, Louise Williams. Whether Sadie Smith be illegitimate or not is unimportant. She is certainly not dependent in any reasonable sense of the word. The fact that she has been of great service to the deceased, and, if, as she claims, she has paid the premiums for

so many years, she may be a creditor of his succession, but whatever financial assistance she may have rendered Jones in his lifetime cannot support her claim as his beneficiary under the policy. Act No. 115 of 1906, as amended by Act No. 256 of 1912, which extends the list of beneficiaries which may be named by members of fraternal orders, has no application here, because the act makes no mention of godchildren as within the extension."

■ In view of the fact that plaintiff has shown herself to be entirely devoid of any right against defendant, the judgment should have been one of absolute dismissal.

It is therefore, ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of defendant dismissing plaintiff's suit at her cost.

Reversed.