SEEBERRY et al. v. DISTRICT GRAND LODGE NO. 21, UNITED ORDER OF ODD FELLOWS OF LOUISIANA.

No. 17175.

Court of Appeal of Louisiana. Orleans.

June 12, 1939.

Chas. Fletchinger, of New Orleans, for appellants.

Blum & Leblanc, of Donaldsonville, and Henican, Carriere & Cleveland and C. Ellis Henican, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of no right or cause of action. The plaintiffs, William Seeberry and Mary Louise Seeberry, the children and only legal heirs of William Seeberry, deceased, allege that their father died intestate at his domicile in the City of New Orleans on February 15th, 1937; that at the time of his death and for many years prior thereto, decedent had been a member in good standing of the District Grand Lodge No. 21, United Order of Odd. Fellows of Louisiana; that as the heirs of their father the plaintiffs are entitled to a certain benefit payment established by the fraternal order of which he was a member, amounting to $500, plus $50 "to be applied to the funeral expense"; that the benefit certificate with proof of death attached was surrendered to the fraternal order which refused to pay the defendant or return the policy. An exception of no right or cause of action was maintained as against the original petition and the suit ordered dismissed. A new trial was granted and the former judgment qualified so as to permit the plaintiffs to amend their petition. A supplemental petition was thereafter filed and a copy of the benefit certificate, which, in the meantime, had been delivered to plaintiffs' counsel, was attached thereto, from which it appeared that Martha Seeberry, plaintiffs' mother and decedent's wife, was the named beneficiary. The supplemental petition alleged that Martha Seeberry had predeceased her husband and that her succession had been opened and plaintiffs recognized as her sole and only heirs. The defendant again filed an exception of no right or cause of action and in support of the exception of no right of action offered a copy of certain of the by-laws of the defendant fraternal order and a certificate of its Secretary to the effect that the by-laws were in effect on February 15th, 1937, the date of the death of Seeberry. The exceptions were again maintained and plaintiffs' suit dismissed.

The contention of defendant is based upon Article 1, Section 1 of the by-laws of the defendant order, which reads in part as follows:

"Upon satisfactory proof of the death of an Odd Fellow in good standing who has complied with all requirements of the Order and the provisions of these laws a sum of money named in his certificate shall be paid to the beneficiary named in such certificate provided such beneficiary survives the deceased member provided further that such beneficiary must be either the wife, child, father, mother, brother or sister or relative by blood to the fourth degree of said deceased Odd Fellow; provided that if no such beneficiary be named, or if the beneficiaries so named do not survive the deceased member, or if the beneficiary named be such a person as is not entitled to receive benefits under the laws of this State or under these laws, the benefits under such certificate shall revert or be paid as follows: one-half to the constituent Lodge of which the deceased was a member and one-half to the Bureau of Endowment of this Order * * *."

Since the beneficiary named in the Seeberry certificate, Martha Seeberry, did not survive her husband, William Seeberry, and since no other beneficiary had been named, the argument is "that the benefits under such certificate shall revert or be paid as follows: one-half to the constituent Lodge of which the deceased was a member and one-half to the Bureau of Endowment of this Order". On the other hand, counsel for plaintiffs contends that neither "the Bureau of Endowment" nor "the constituent Lodge" is within the category of permissible beneficiaries mentioned in Act No. 256 of 1912, an act which declares who may be the beneficiaries of such fraternal benefit insurance policies, and consequently, their designation as beneficiaries in the by-laws of the Society is inoperative because in contravention of prohibitory law. Section 6 of the Act referred to reads as follows:

"That the payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member; provided, that if after the issuance of the original certificate the member shall become dependent upon an incorporated char-

itable institution, he shall have the privilege with the consent of the society, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in said benefit until the same has become due and payable upon the death of said member; provided, that any society may, by its laws, limit the scope of beneficiaries within the above classes."

Counsel for defendant points to the concluding proviso in this section to the effect "that any society may, by its laws, limit the scope of beneficiaries within the above classes" and maintains that the right to limit includes "the right to eliminate all classes".

Counsel mainly rely upon the following cases: Walker v. Young Men's St. Michael's Mutual Aid & Benevolent Association, 148 La. 961, 962, 88 So. 232; Chance v. Grand Lodge, Knights of Pythias, State of Louisiana, of North America, etc., 13 La.App. 362, 125 So. 894; and Hicks v. District Grand Lodge No. 21, Grand United Order of Odd Fellows of Louisiana et al., La.App., 158 So. 386.

The Walker case is cited as authority for the proposition that in the absence of a designated beneficiary or in the event that the named beneficiary is ineligible, no obligation to the legal heirs is due by the association. The facts in the Walker case were as follows: The minor children of a deceased member sued the association for the death benefit as provided under the rules of the association, alleging that their father had named his concubine, who was incapable of receiving the death benefit. The association answered averring that if the designated beneficiary was ineligible, the situation was the same as would be the case if no beneficiary had been named, and the following by-law would apply [148 La. 961, 88 So. 233]:

"Members failing to designate any person the society will not be responsible for payment of said contribution."

The Supreme Court sustained this contention and dismissed the plaintiffs' suit. However, in the Walker case, Act No. 256 of 1912 was not mentioned, whereas here, the defendant company admits that it is organized and operates as a fraternal benefit society in accordance with the provisions of that act. It will be noted that all fraternal societies need not be controlled by the provisions of the Act of 1912. See Section 29 thereof. Moreover, the by-laws of the association in the Walker case, unlike the present case, provided for the death benefit by an assessment against each member of fifty cents "payable in two assessments of twenty-five cents (25¢) each; said amount to be paid in cash to the beneficiaries of the deceased that he has designated. Members failing to designate any person the society will not be responsible for payment of said contribution". In the case at bar the association provides for the accumulation of a fund, during the lifetime of the member, out of which the death benefits are to be paid; the distinction being that in the Walker case neither the association nor any member thereof is obligated to pay any assessment or benefit to anyone unless and until a beneficiary has been named, whereas in the instant case the fund is accumulated at once and the interest of the deceased member disposed of at his death. Quoting from the opinion in the Walker case:

"The by-law, that 'the association shall not be responsible for the payment of said contribution' where the member has failed to designate a beneficiary, appears to us to be controlling. Of course, a by-law cannot stand in opposition to the charter itself; but there is nothing either in the charter or in the constitution of the defendant association which compels it to levy a contribution for the payment of benefits, and still less anything imposing the obligation to pay any such benefits. The by-laws alone impose such obligation; and since one by-law must be read in connection with all the other by-laws the situation is that, while one by-law requires a benefit contribution to be levied at the death of a member, another by-law exempts the association from this obligation when no beneficiary has been designated by the deceased member; so that the association is under no obligation in the premises when, as is contended by the plaintiffs and found by the Court of Appeal, no beneficiary has been designated by the deceased member."

In the present case, upon the death of a member in good standing the association pays the death benefit to the beneficiary named in the certificate. If the beneficiary does not survive the deceased member "or if the beneficiary be such a person as is not

entitled to receive the benefit under the laws of this State or under these laws, the benefits under such certificate shall revert or be paid as follows: one-half to the constituent Lodge of which the deceased was a member and one-half to the Bureau of Endowment of this Order". It, therefore, appears that the by-laws of the defendant association undertake to provide for a beneficiary when none has been named or when an ineligible beneficiary has been designated, and it has selected "the Constituent Lodge" and "the Bureau of Endowment" to share in the benefit in equal proportions.

This Court in the recent case of Grand Grove of Louisiana, United Ancient Order of Druids v. Rolland et al., 184 So. 724, 725, discussed at considerable length the question of the eligibility of beneficiaries in similar cases in the view of the provisions of Act No. 256 of 1912:

"It will be observed from a statement of the case that the chief problem before us involves the determination of the rights of interested claimants to a fraternal benefit fund where the insured member of the organization has failed to designate a beneficiary. The applicable statute on the subject is Section 6 of Act No. 256 of 1912, which reads as follows:

"'The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member; provided, that if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege with the consent of the society, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in said benefit until the same has become due and payable upon the death of said member; provided, that any society may, by its laws, limit the scope of beneficiaries within the above classes.'

"The courts of this state have had the opportunity on many occasions to interpret the provisions above set forth and it has been held that only those falling within the class of persons designated in the statute are eligible as beneficiaries under certificates issued by fraternal benefit organizations. See Succession of Jones, 12 La. App. 592, 126 So. 730; Biami v. Co-Operators Fraternels Ben. Aid Association, 15 La.App. 248, 131 So. 201; Chance v. Grand Lodge Knights of Pythias, 13 La.App. 362, 125 So. 894, and Matthews v. Grand Grove of Louisiana, United Ancient Order of Druids, La.App., 177 So. 597.

\* \* \* \* \* \*

"A reading of the applicable section thereof reveals that the payment of the death benefits on policies issued by fraternal societies, is restricted to the group of persons named therein. We cannot conceive that the Legislature contemplated that this provision was to be invoked only in case the member designated a beneficiary but, on the contrary, we are convinced that it sought to place a limitation on the payment of the insurance fund. The mandate of the statute is explicit and it applies in all cases notwithstanding the failure of the insured member to designate a beneficiary."

■ It is apparent that neither the constituent Lodge nor the Bureau of Endowment is mentioned as a permissible beneficiary. Their ineligibility is clearly apparent. The argument that because Section 6 of the Act of 1912 permits the Association to "limit the scope of beneficiaries. within the above classes", the association may eliminate all classes is unsound. We understand this provision to mean that the insurance fund may be restricted to wives alone or children alone or wives and children, or any other limitation within those mentioned in the Statute, but not to permit the exclusion of all of them, and not to authorize the inclusion of any other beneficiary not within the classes mentioned in the Act.

■ The heirs of a deceased member, provided they are among those enumerated as permissible beneficiaries in the Act of 1912, are entitled to receive the proceeds of the death benefits in the absence of a named and eligible beneficiary. Evans v. Eureka Grand Lodge, Free and Accepted Masons, La.App., Second Circuit, 149 So. 305; Evans v. District Grand Lodge No. 21, Grand United Order of Odd Fellows, La.App., First Circuit, 151 So. 664; Hicks. v. District Grand Lodge No. 21, Grand United Order of Odd Fellows of Louisiana,.

supra; Grand Grove of Louisiana, United Ancient Order of Druids v. Rolland, supra.

 Since this case is here on appeal from a judgment maintaining an exception of no right or· cause of action we must consider that the facts alleged in the petition are true. It results, therefore, that plaintiffs must be presumed to be the children and only forced heirs of William Seeberry, the deceased member of the defendant association. Children are within the class of permissible beneficiaries and the constituent Lodge and the Bureau of Endowment are not.

Our conclusion is that the trial court was in error in maintaining the exception of no right or cause of action.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this case be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.