(52 South. 545.)

No. 18,076.

ANSLEY v. STUART.

(May 9, 1910. On Application for Rehearing, June 6, 1910.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR (§ 150*)—PERSONS ENTITLED TO APPEAL—PERSONS INTERESTED.

After the amount tendered to redeem a pledge in an action for that purpose was deposited with the clerk of court to be paid to the pledgee, and the pledged property was surrendered to the owner, it was immaterial to the pledgor whether the deposit was paid to the proper person, so that he had no appealable interest in a rule directing its payment to certain persons, on the ground that they were not shown to be proper parties to receive it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 934–946; Dec. Dig. § 150.*]

2. COSTS (§ 260*)—ON APPEAL—FRIVOLOUS APPEAL.

In view of Code Prac. art. 890, providing that, if appellee neglect to answer the appeal within the time allowed, appellant may have the cause set for argument, appellee is not entitled to damages for a frivolous appeal, where he did not answer the appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 1003; Dec. Dig. § 260.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by M. E. Ansley against C. D. Stuart. From a rule ordering money deposited with the clerk of court to be paid certain persons, W. J. Gex, the transferee of a judgment for plaintiff, appeals. Judgment affirmed.

See, also, 123 La. 330, 48 South. 953.

Lazarus, Michel & Lazarus and David Sessler, for appellant. Dinkelspiel, Hart & Davey and Girault Farrar, for appellee.

PROVOSTY, J. Plaintiff claimed to be owner of certain certificates of stock, which he alleged he had pledged to defendant, C. D. Stuart, to secure a debt of $750. Plaintiff tendered this sum, and deposited same in the hands of the clerk of court, to be paid over to the defendant. Judgment was rendered in favor of plaintiff, ordering the certificates to be turned over to plaintiff, and enjoining defendant from assigning them, or making any other disposition of them, and ordering the $750 to be paid over to the defendant, C. D. Stuart. An appeal was taken from this judgment to this court. Pending this appeal, the defendant Stuart died, and his widow and heirs were made parties. The judgment was affirmed. The plaintiff, Ansley, transferred his judgment to one W. J. Gex. Then the said widow and heirs of C. D. Stuart and one Frank P. Stuart took a rule upon the said subrogee, Gex, to show cause why the $750 should not be paid over to them; the certificates having been surrendered. Gex appeared, in response to the rule, and made no objection to the payment, except that he contended that certain costs should be first paid. The court made the rule absolute, and Gex has taken this appeal. In this court his contention is that the plaintiffs in rule did not make the proper proof of their case by showing that the widow and heirs were really such, and that Frank P. Stuart was entitled to a part of the fund.

From the moment Ansley, or his subrogee, Gex, had received the certificates in redemption of which the $750 had been deposited, their connection with this money ceased entirely. The fund was, from that moment, in the hands of the clerk for the sole purpose of being paid to whosoever was entitled to receive it. Whether the plaintiffs in rule had, or not, proved their case, on the point of being entitled to the money, was from that moment a question with which the defendant in rule had absolutely nothing to do. The responsibility for paying the $750 to the right persons lay with the clerk. The present appeal has therefore been taken by a party without interest, and therefore a proper case is presented, we think, for condemning the appellant to the usual 10 per cent. damages for frivolous appeal.

It is therefore ordered, adjudged, and de-

creed that the judgment appealed from be affirmed, at the cost of the appellant, W. J. Gex, and that the said appellant, W. J. Gex, pay to the appellees herein, Mrs. C. D. Stuart and the children of Charles D. Stuart and Frank P. Stuart, 10 per cent. on the $750 involved in the present appeal.

### On Application for Rehearing.

PER CURIAM. Our attention has been called to the fact that the appellees did not answer the appeal, and therefore have no standing to demand damages for a frivolous appeal. Code Prac. art. 890. The point is well taken. Otherwise we find no merit in the application for a rehearing.

It is therefore ordered that our decree herein be amended, by striking out the award of damages for a frivolous appeal, and, as thus amended, is reaffirmed, and that the application for a rehearing be refused.