## HICKS v. DISTRICT GRAND LODGE NO. 21, GRAND UNITED ORDER OF ODD FELLOWS OF LOUISIANA, et al.*

### No. 14975.

Court of Appeal of Louisiana. Orleans.

Jan. 7, 1935.

Charles J. Mundy, of New Orleans, for appellant.

Loys Charbonnet, of New Orleans, for plaintiff appellee.

Frank B. Smith, of New Orleans, for defendant appellee.

JANVIER, Judge.

This is a contest over the proceeds of a policy of life insurance issued by the District Grand Lodge No. 21 of the Grand United Order of Odd Fellows of Louisiana, an incorporated organization admittedly "engaged in the business of fraternal life insurance."

Prior to his death Washington Odom was a member in good standing of Butler Lodge No. 1336, a subsidiary lodge of the said association, and, by reason of his membership, the said association had issued to him endowment policy No. 8916 in the sum of $500.

The beneficiary named in the policy when it was issued was Henry Jackson, who was designated as "first cousin."

About ten days before the death of Odom, the association received an affidavit purported to have been sworn to and signed by the said Odom and in which he declared that he desired to substitute as beneficiary Henry C. Hicks.

After the death of Odom, Hicks, in the civil district court for the parish of Orleans, filed this suit against the said association claiming, as designated beneficiary, the proceeds of the said endowment policy. Emily Stewart, wife of Andrew Foster, intervened and asserted her claim to the proceeds of the policy, alleging herself to be the legal heir of Odom, and further averring that she had been recognized as such heir and sent into possession of the entire estate of Odom by judgment of the civil district court for the parish of Orleans in the succession proceedings of the said Washington Odom. The said Emily Stewart Foster further charged that neither the original beneficiary, Henry Jackson, nor the substituted beneficiary, Henry C. Hicks, was entitled to the proceeds of the policy for various reasons, among which is found the following:

"The said parties are not within the class of persons capable and eligible of being designated beneficiaries as prescribed by Section 6 of Act 256 of 1912, as amended by Act 287 of 1914."

Shortly after the filing of the intervention of Emily Stewart Foster, another intervention was filed by Henry J. Odom, sometimes called Henry Johnson, who attacks the claims of Henry C. Hicks and Emily Stewart Foster, and himself makes claim to the proceeds of

---

*Rehearing denied Feb. 4, 1935.

the policy, alleging himself to be "sole heir at law" of the deceased, Washington Odom.

The fraternal association filed in the civil district court in a separate proceeding a petition in which it sought and obtained authority to deposit the proceeds of the policy in the registry of the court, and in which it cited the three claimants to appear and assert their respective claims.

Thereafter the said association obtained an order consolidating the said concursus proceeding, which had been filed under authority of Act No. 123 of 1922, with the suit with which we are now concerned and in which Henry C. Hicks appears as plaintiff, the fraternal association as defendant, and Emily Stewart Foster and Henry J. Odom as interveners.

In an effort to clarify the situation we make the following recapitulation:

Hicks claims as beneficiary designated by affidavit made by the insured shortly prior to his death;

Emily Stewart Foster claims as universal legatee allegedly recognized by a judgment rendered in the succession proceedings of the deceased;

Henry J. Odom, sometimes called Henry Johnson, claims that Hicks was not properly designated as beneficiary and also that neither the said Hicks nor the said Emily Stewart Foster is included among the persons permitted by law (Act No. 256 of 1912, as amended by Act No. 287 of 1914) or by the rules and regulations of the fraternal association to receive the proceeds of such a policy, and Odom further maintains that since neither can receive the said proceeds he (Odom), as nephew of the deceased and as such sole heir at law, is entitled to and may make claim for the said proceeds.

On exception of no cause of action the claim of Emily Stewart Foster was dismissed and she has not appealed. We are, therefore, no longer concerned with her claim.

Henry Jackson, the original beneficiary, presents no claim and we need not concern ourselves with him.

The defendant fraternal association by exception of no right of action challenged the right of Odom to claim the proceeds and, when the matter came on for hearing on the merits, Hicks, by objection to evidence tendered by Odom in an effort to prove his heirship, also challenged his right to make claim.

By the exception of no right of action filed by the fraternal association and by the objection to evidence interposed on behalf of Hicks, the contention is made that even if Odom can produce proof of heirship and can show that no one of the other claimants is entitled to the proceeds, nevertheless he, the said Odom, is not entitled thereto unless he can show that he was named beneficiary.

There may be some doubt as to the right of the fraternal association to challenge the right of one of the claimants in view of the fact that it (the association) has deposited the fund in court and has called on all claimants to assert their respective rights. In Evans v. District Grand Lodge No. 21 et al., 151 So. 664, 666, in a somewhat similar situation, the Court of Appeal for the First Circuit said:

"As a mere stakeholder, ready and willing to pay to the party adjudged by the court entitled thereto and without fear of being compelled to a dual payment, the defendant lodge had no interest in taking a suspensive appeal. For this subject see Ansley v. Stuart, 126 La. 369, 52 So. 545."

But Hicks, one of the claimants, is clearly entitled to challenge the right of the intervener, and since the entire question is presented in that challenge, we find it unnecessary to definitely pass on the question of whether or not the fraternal association could also challenge the right of the claimant Odom.

The contention that Odom merely by reason of heirship is not given a right of action was upheld by the district court and his intervention was dismissed, as was the intervention of Emily Stewart Foster. Only Odom has appealed.

Since the question arises on exception of no right of action, we must, in considering the exception, assume that the facts alleged by the intervention are susceptible of proof. We thus assume that Henry J. Odom can produce proof to show that he is the sole heir of Washington Odom and that he can produce further proof which will disqualify Hicks and which will justify a holding that the said Hicks is ineligible to be named as beneficiary because he is not included in the list of eligible persons prescribed by law or by the rules and regulations of the fraternal association.

Assuming that these facts can be proved, the question then is: Can Odom, relying solely on his heirship, be heard to present his claim to the proceeds?

Counsel for Hicks and counsel for the association nourish the belief that where there is no designated beneficiary there is no right in any one to make claim under such a policy as that issued by defendant faternal associa-

tion, and that consequently, here, there is no responsibility in the insurer towards any one and that in such a situation the fund remains in the possession and inures to the benefit of the insurer itself. They base this view on the decision of the Supreme Court of Louisiana rendered in the matter of Walker v. Young Men's St. Michael's Mutual Aid & Benevolent Association, 148 La. 962, 88 So. 232, 233, in which a fraternal association was relieved of all responsibility because the insured had failed to name an eligible beneficiary. Counsel, however, have failed to notice that there was in the by-laws of the association which was involved in the Walker Case a provision reading as follows:

"Members failing to designate any person the society will not be responsible for payment of said contribution."

That decision was rendered by the Supreme Court after it had granted a writ of certiorari to this court, we having first reached the conclusion as expressed in the syllabus that:

"If the beneficiary designated in the policy is ineligible to receive, the amount of the policy must be paid to the heir of the member included among the persons entitled to the benefit under the charter."

See Walker v. Young Men's St. Michael's Mutual Aid & Benevolent Association, No. 7869, not reported [see Louisiana and Southern Digest].

The Supreme Court did not declare that in any case where there is a policy of fraternal insurance and no eligible beneficiary has been designated, the fraternal association is relieved from responsibility, but only that that result occurs where there is in the by-laws some such provision as that quoted above. The court said:

"The by-law, that 'the association shall not be responsible for the payment of said contribution' where the member has failed to designate a beneficiary, appears to us to be controlling. Of course, a by-law cannot stand in opposition to the charter itself; but there is nothing either in the charter or in the constitution of the defendant association which compels it to levy a contribution for the payment of benefits, and still less anything imposing the obligation to pay any such benefits."

But here, differently from there, there is a conventional obligation to make payment in any event, if not to a designated beneficiary then to some one else, otherwise why should the association itself have deposited the fund and called upon all claimants to assert their rights.

Of course, if the designated beneficiary is not eligible the person who makes claim must be eligible under the regulations of the association and under the laws of Louisiana, to wit, Act No. 256 of 1912, as amended by Act No. 287 of 1914.

It seems to be the view of counsel that in no event and for no purpose can the proceeds of life insurance form part of the estate of a deceased insured, and from this partially false premise it is contended that since an heir claims only through the estate and since the insurance fund forms no part of the estate the heir, as such, has no claim to such insurance proceeds.

But for many purposes an insurance fund may form part of the estate of a deceased. Succession of Cotton, 170 La. 828, 129 So. 361. And while it may be that it cannot be used to pay debts (Succession of Aronson, 168 La. 887, 123 So. 608), still such a fund does form part of the estate to the extent that the estate may make claim therefor and likewise to the extent that the person entitled to the estate, to wit, the heir, may, himself, make claim. Otherwise if the contention made were sound, an insurer, where no eligible beneficiary has been named, might completely escape liability under a valid contractual obligation.

In commenting upon such a situation we said in Dorsey v. Metropolitan Life Ins. Co., 145 So. 304, 306:

"To so hold would be to say that in such a policy there is no legally enforceable obligation to pay in any event, because, if there is no one who has the legal right to enforce an obligation, that obligation may as well not exist. It is a general, well-established rule that an obligation of an insurer cannot fail for want of a particular payee. Walsh v. Mutual Life Insurance Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651."

We have devoted much thought to the question whether in such case as we find here the claim should be made by the succession representative and the heir relegated to a claim against the succession after recovery of the fund by the said succession representative.

We find, however, that the Courts of Appeal of all three Louisiana circuits have held that such a claim may be made directly by the heir, that is to say, by those who would inherit the proceeds of the policy in the absence of a named beneficiary.

In Evans v. Grand Lodge, etc., 151 So. 664, the Court of Appeal for the First Circuit permitted recovery by heirs of the deceased insured which heirs had brought suit directly against the fraternal order and the designated beneficiary and had successfully attacked the eligibility of the designated beneficiary.

Likewise our brothers of the Second Circuit reached the same conclusion in Evans v. Grand Lodge, etc., 149 So. 305, and we also arrived at the same result in Azelia Richardson, Widow of Abner LeBray, v. District Grand Lodge, etc., et al., No. 7122 of our docket, not reported [see Louisiana and Southern Digest].

A hasty reading of the decision of this court in Abraham v. Alexander, 7 Orl. App. 6, may give the impression that that decision is authority for a contrary view and that we then felt that the heir might not present his claim directly but could make claim only through the succession representative. The following language appears in that opinion.

"Though the plaintiff may not proceed against the company, she may claim and recover the amount from the one, not entitled to it, who received payment from the insurer."

But when the decision is analyzed, it clearly appears that the question which was there before the court was whether or not the so-called facility of payment clause afforded protection to the insurer which in good faith had made payment of the proceeds of the policy in accordance with the said facility of payment clause. What we held was that where such payment has been made in good faith the person who, as a matter of fact, should have received the payment, "may not proceed against the company." In other words, that the company's liability has been fully discharged, but we did not consider and did not hold that where no such payment has been made under the facility of payment clause an heir may not proceed directly against the insurer.

We conclude that if the heir is a person included within those persons specified in the rules of the association and permitted by Act No. 256 of 1912, as amended by Act No. 287 of 1914, to receive the proceeds, then claim may be made directly against the association, consequently the exceptions of no cause or right of action should have been overruled and the objection to evidence should have met the same fate.

It is, therefore, ordered that the judgment appealed from be and it is annulled, avoided, and reversed, and that the matter be and it is remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.