## HICKS v. DISTRICT GRAND LODGE NO. 21, GRAND UNITED ORDER OF ODD FELLOWS OF LOUISIANA, et al.

### No. 16050.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

Gill and Simon, of New Orleans, for Emile Stewart Foster, intervener appellant.

Chas. J. Mundy, of New Orleans, for Henry G. Odom, intervener appellee.

Loys Charbonnet, of New Orleans, for plaintiff appellee.

Frank B. Smith, of New Orleans, for defendant appellee.

JANVIER, Judge.

District Grand Lodge No. 21, Grand United Order of Odd Fellows of Louisiana, filed in the civil district court a petition in which it sought and obtained authority to deposit in the registry of the court the proceeds of a policy of fraternal insurance which had been issued on the life of Washington Odom, a member in good standing of Butler Lodge No. 1336, a subsidiary lodge of the said association. The petitioner cited three claimants to appear and assert their respective claims to the said proceeds. Among the claimants was Emily Stewart Foster. She asserted her right, declaring that she had been recognized as universal legatee in the succession proceedings of the deceased Washington Odom, and alleging that there was no named beneficiary and that she, as universal legatee, was therefore entitled to the proceeds. Another claimant, Henry J. Odom, also asserted his claim declaring that there was no named beneficiary and that he, Henry J. Odom, was the sole heir at law of the deceased, Washington Odom, and, as such, was entitled to the proceeds.

The fraternal association, by exception of no right of action, challenged the right of Odom to claim the proceeds, contending that since Odom is not included among the persons entitled by law (Act No. 256 of 1912, as amended by Act No. 287 of 1914) to be named beneficiary in such a policy, he could not be heard to present his claim to the said proceeds. This exception was maintained and the claim of the said Odom was dismissed. On appeal we reversed that judgment, hold-

ing that, if there is no named beneficiary, the heir is entitled to the proceeds of such a policy and may make claim therefor directly. See Hicks v. District Grand Lodge, etc. (La. App.) 158 So. 386.

In the opinion which we rendered in that matter, we referred to the claim of Emily Stewart Foster, and we stated that at that time she had not appealed. She has, however, now appealed from the judgment dismissing her claim on exception of no cause of action, and it is that appeal which we are now considering. Henry J. Odom appeared in opposition to the claim of Emi'y Stewart Foster, and contends that she is not included among the persons permitted by the statutes referred to to be named beneficiary, and that, as a result thereof, she cannot be heard to present her claim.

But Odom overlooks the fact that Emily Stewart Foster claims as universal legatee, and he also overlooks the fact that, when we overruled the exception dismissing his claim, we did so because of the fact that we felt that in the absence of a named beneficiary the proper heir of the deceased is entitled to the proceeds of the policy. The reasoning found in the opinion heretofore rendered by us on the appeal of Odom is now applicable and forces the conclusion that the judgment sustaining the exception and dismissing the claim of Emily Stewart Foster was not correct. If Emily Stewart Foster is the universal legatee and if there is no named beneficiary, then she is entitled to the proceeds of the policy for the reasons given by us in our former opinion. If, on the other hand, Henry J. Odom is the heir at law and there is no named beneficiary, then he is entitled to the proceeds, so that the real question is whether or not Emily Stewart Foster is entitled to the proceeds as heir or whether Odom is the real heir. The controversy is between these two parties, and it can best be settled by overruling the exception of no right of action directed at Emily Stewart Foster and by remanding the matter so that she and Henry J. Odom, in the court below, may present their respective claims for recognition as the heir of the deceased Washington Odom.

For the reasons given and for the reasons set forth in our former opinion, hereinabove referred to, it is ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that the matter be and it is remanded to the civil district court for the parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.