**GRAND UNITED ORDER OF ODD FELLOWS OF LOUISIANA, DISTRICT GRAND LODGE NO. 21, BUREAU OF ENDOWMENT, v. POREA et al.**

**No. 16421.**

Court of Appeal of Louisiana. Orleans.

April 19, 1937.

**544**

Loys Charbonnet, of New Orleans, for appellant.

Jas. J. Landry, of New Orleans, for appellee Jane Porea.

JANVIER, Judge.

This matter comes before us on motion to dismiss the appeal because of alleged lack of appealable interest in appellant. The appellant, the Grand United Order of Odd Fellows of Louisiana, District Grand Lodge No. 21, Bureau of Endowment, hereinafter for convenience called the "Odd Fellows," which had issued a policy of fraternal insurance on the life of Andrew Briggs, Jr., was, after his death, confronted by rival claimants, Jane Porea Briggs on the one hand, and Jennie Murray Briggs and Louise Briggs, jointly, on the other. Therefore, the Odd Fellows, on October 15, 1934, filed this interpleader proceeding, depositing in the registry of the civil district court for the parish of Orleans the proceeds of the policy, and calling upon the rival claimants to assert their respective claims.

For some reason not shown in the record, the citations directed to Jennie Murray Briggs and Louise Briggs were not served until July 11, 1935, and July 13, 1935, respectively, many months after the filing of the interpleader petition, although the citation directed to Jane Porea Briggs was served with reasonable promptness. Before the two first-named claimants were served, they, unaware of the filing of the interpleader proceeding, had filed a direct action against the Odd Fellows, had obtained a judgment for the amount of the policy, and had secured payment of the judgment, although this interpleader proceeding was then pending.

Jane Porea Briggs filed her answer to the interpleader petition, claiming the proceeds, and on Oct. 8, 1935, no claims having been presented by the other claimants referred to in the interpleader proceeding, filed a rule nisi in which the clerk of the court, the Odd Fellows, and the other claimants, Jennie Murray Briggs and Louise Briggs, were ordered to show cause why the said Jane Porea Briggs should not be sent into possession of the fund since no other claims had been presented.

To this rule the clerk of court made answer that he was without interest, being merely the depositary; Jennie Murray Briggs and Louise Briggs made answer setting forth the prior payment to them of the amount of the judgment which they had independently obtained and alleging that they were rightfully entitled to the proceeds of the policy, and that, therefore, Jane Porea Briggs was not entitled to the fund. The Odd Fellows made answer declaring that the said Jennie Murray Briggs and Louise Briggs, being lawfully entitled to the proceeds of the policy, had been paid, and averring that the deposit of the fund "was not made by its regular attorney" and that "these complications arose as a result thereof."

The rule nisi filed by Jane Porea Briggs was made absolute and, from a judgment ordering the fund paid to her, the Odd Fellows have appealed, and it is this appeal which we are now asked to dismiss for lack of appealable interest. The motion to dismiss is based on the proposition that a plaintiff in an interpleader proceeding has no interest which justifies an appeal from a judgment ordering the fund deposited turned over to one of the claimants.

That this is the rule usually, there can be no doubt, for obviously, where a petitioner in such case deposits the fund and calls on the rival claimants to litigate over who is entitled to it, the said petitioner cannot be heard to champion the rights of any. Ansley v. Stuart, 126 La. 369, 52 So. 545; Evans v. District Grand Lodge, etc. (La. App.) 151 So. 664. But the situation presents a fact which clearly distinguishes this case, for here the return made by the Odd Fellows to the rule of Jane Porea Briggs shows that, before she obtained judgment, the said Odd Fellows, plaintiffs in the interpleader petition, had discovered that it had made an error in filing the petition and had decided to recognize the claim of two of the claimants and to resist that of the third. We see no reason why it should not

be permitted to do this. Of course, if it should appear that it was wrong in recognizing the claim of the first two, then unquestionably it should be called upon in the interpleader proceeding to pay the claim of the third if that third should prove to be legally entitled to the fund. Of course, it could not dismiss the interpleader proceeding because, having brought the third claimant into court and given the third claimant an opportunity to assert her claim, it could no longer dismiss the entire proceeding. But, having alleged that it had erroneously made the deposit and having alleged that it recognized the other claimants as rightfully entitled to the fund, it showed an appealable interest in the matter which should entitle it to question the legality of the claim of Jane Porea Briggs. It could, in the first instance, have refused to recognize her claim and, had it done so, she would have been forced to file suit against it, and in that suit it could have contested her claim. It should be permitted to do so now. No harm has come to her by the change in position.

The motion to dismiss is overruled.

Motion overruled.