GRAND GROVE OF LOUISIANA, UNITED
ANCIENT ORDER OF DRUIDS, v.
ROLLAND et al.

No. 16877.

Court of Appeal of Louisiana. Orleans.

Nov. 28, 1938.

Marcus and Corkern and Flanders, Bert Flanders, Jr., and Fred A. Kullman, all of New Orleans, for appellant Mrs. Poff, as dative testamentary executrix.

F. Rivers Richardson, of New Orleans, for appellant Mrs. Poff, individually and as universal legatee.

W. Blair Lancaster, Jr., and Jules A. Grasser, both of New Orleans, for appellees legal heirs of Edward A. Rolland.

McCALEB, Judge.

Edward A. Rolland died in the City of New Orleans on May 12, 1935. Previous to his demise, he had been a member in good standing of Mistletoe Grove No. 40, United Ancient Order of Druids, one of the subordinate bodies of the Grand Grove of Louisiana Ancient Order of Druids, a fraternal benefit society chartered under the laws of this state. Under the constitution and laws of that organization, there was established in Rolland's favor a mortuary or death benefit in the sum of $500 payable, in accordance therewith, to anyone designated by him prior to his death within certain limitations imposed by law.

The said Rolland did not, during his lifetime, designate a beneficiary on the insurance certificate and, as a result of his failure in this respect, the present contest has arisen.

The deceased had neither a wife nor children nor did he leave any descendants or ascendants. He did, however, have the following collateral relations:

1. John E. Rolland, a brother

2. Mrs. Freda Rolland, wife of Henry Esser, a sister

3. Two nieces, issue of Eugene Rolland, a predeceased brother, namely, Mrs. Iona Rolland, wife of John F. Golden, and Miss Yvonne Rolland

4. Four nephews, Joseph Rolland, Cleo Rolland, Sebastian Joseph Rolland and Eugene Rolland (all minors) issue of a predeceased brother, Sebastian Rolland.

The deceased's succession was opened in the Civil District Court for the Parish of Orleans and one Mrs. Bertha Hale, divorced wife of Manley Poff, was duly appointed and qualified as dative testamentary executrix thereof. It further appears that, in those proceedings, a last will and testament made by Rolland was admitted to probate and that Mrs. Poff has been instituted as universal legatee thereunder.

Sometime after the death of Rolland, claim was made upon the United Ancient Order of Druids for the proceeds of the insurance by all of his collateral relations hereinabove mentioned and also by Mrs. Poff as dative testamentary executrix of his estate and, individually, as universal legatee under his last will and testament. The fraternal order, being uncertain as to which claimant should receive the fund, filed this suit, in conformity with the provisions of Act No. 123 of 1922, for the purpose of having the court determine the rights of the interested parties, and deposited the insurance proceeds in the registry of the court.

The facts of the case are not in dispute, it being conceded that the collateral relatives of the deceased are his legal heirs and likewise that Mrs. Poff is his instituted heir and the executrix of his succession. The question therefore to be solved is whether his legal relatives or his instituted heir is entitled to the insurance fund.

In the district court there was judgment in favor of the collateral relations and the claims of Mrs. Poff were dismissed. She has appealed from the adverse decision.

It will be observed from a statement of the case that the chief problem before us involves the determination of the rights of

interested claimants to a fraternal benefit fund where the insured member of the organization has failed to designate a beneficiary. The applicable statute on the subject is Section 6 of Act No. 256 of 1912, which reads as follows:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member; provided, that if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege with the consent of the society, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in said benefit until the same has become due and payable upon the death of said member; provided, that any society may, by its laws, limit the scope of beneficiaries within the above classes."

The courts of this state have had the opportunity on many occasions to interpret the provisions above set forth and it has been held that only those falling within the class of persons designated in the statute are eligible as beneficiaries under certificates issued by fraternal benefit organizations. See Succession of Jones, 12 La.App. 592, 126 So. 730; Biami v. Co-Operators Fraternels Ben. Aid Ass'n, 15 La.App. 248, 131 So. 201; Chance v. Grand Lodge Knights of Pythias, 13 La. App. 362, 125 So. 894, and Matthews v. Grand Grove of Louisiana, U. A. O. D., La.App, 177 So. 597.

The main contention of the collateral relations of the deceased is that Mrs. Poff cannot receive the proceeds of the insurance because neither was she related to Rolland by blood or affinity nor was she dependent upon him for support. In short, they maintain that the insurance fund cannot be paid under any circumstances to any person who is not included in the class of permissible beneficiaries designated in the statute.

Contra, Mrs. Poff, while conceding that she could not recover if Rolland had named her as beneficiary of the insurance fund, asserts that the statute has application only to cases where there is a named beneficiary and that, where the member has failed to designate the person to whom the insurance is to be paid, the proceeds become payable either to his estate or to the person entitled to inherit from him.

We are unable to agree with her interpretation of the statute. A reading of the applicable section thereof reveals that the payment of the death benefits on policies issued by fraternal societies, is restricted to the group of persons named therein. We cannot conceive that the Legislature contemplated that this provision was to be invoked only in case the member designated a beneficiary but, on the contrary, we are convinced that it sought to place a limitation on the payment of the insurance fund. The mandate of the statute is explicit and it applies in all cases notwithstanding the failure of the insured member to designate a beneficiary.

In Chance v. Grand Lodge Knights of Pythias, supra, it was held that Section 6 of Act 256 of 1912 cannot be construed to mean that, in case the assured fails to name a beneficiary, the fund will be paid to the persons therein set forth in the order in which they are listed in the statute. Hence, in case the member dies without having named a beneficiary, the fraternal society may select the person to whom the proceeds should be paid provided such person is within the class enumerated in the statute.

In the present instance, the Order of Druids has, by its constitution, stipulated that, in case the member dies without having named a beneficiary, the fund shall be paid to his heirs at law. By Art. 10, Section 8, of the constitution, it is provided:

"In case of the death of a member before he shall have designated a beneficiary, or beneficiaries, as herein required, or his failure so to do, the benefit shall be paid in accordance with the requirements of Section 4 of this Article, except as stipulated in the last paragraph of Section 8 of Article 9 relative to married persons."

Section 4 of Art. 10 reads:

"In the event of the death of the beneficiary, or all of the beneficiaries, designated by the member, before the decease of the member, if he shall not have applied for and signed another Certificate, designating another beneficiary, or beneficiaries,

within the limitations prescribed by the laws of the Order, and in accordance with the requirements of Section 2 of this Article (which gives the right and method for changing beneficiaries), *the benefit shall be paid to his heirs at law.*" (Italics and words in parenthesis ours)

And the second paragraph of Section 8 of Art. 9 states:

"If the deceased failed to designate any of the above named persons (the persons named in the statute) as his beneficiary, or beneficiaries, then the benefit shall be paid *to his heirs at law,* as hereinafter provided. After this Constitution, as amended, becomes effective, it shall be compulsory for every member in the Order to designate a beneficiary in accordance with the above Section, provided *that in the case of a married member failing to designate such a beneficiary, then and in that event, the Mortuary Benefit shall be payable, first to his legal wife, and, in default of his wife, to his children, and, in default of wife or children, to his legal heirs.*" (Italics and words in parenthesis ours)

Mrs. Poff places reliance upon the above quoted articles of the fraternity's constitution and maintains that, because she is Rolland's instituted heir, she is his heir at law. As substantiating this proposition, she cites Arts. 1606, 1607 and 1609 of the Revised Civil Code which provide, in substance, that the universal legatee takes the succession to the exclusion of all except the forced heirs.

On the other hand, the collateral relations of the deceased contend that the words "heirs at law" as thus used in the Constitution of the Order are definitely restricted to the member's "legal heirs" as set forth in Arts. 877 and 879 of the Civil Code. Art. 877 provides:

"Legal succession is that which the law has established in favor of the nearest relation of the deceased."

And Art. 879 states:

"There are three kinds of heirs which correspond with the three species of successions described in the preceding articles, to-wit:

"Testamentary or instituted heirs; Legal heirs or heirs of the blood; and, Irregular heirs."

It is said by Mrs. Poff that the words "heirs at law", contained in the Druid's Constitution, are of a broader scope than the words "legal heirs", as used in Art. 879 of the Code, and that the former includes heirs of the member whether they be instituted or legal. She proclaims that she is the heir at law because, by virtue of the testament in her favor, the law gives her the right to inherit the effects of the estate to the exclusion of all except forced heirs.

We do not construe the words "heirs at law" in the manner contended for by Mrs. Poff. On the contrary, we are of the opinion that the words used are synonymous with, and should be limited to, the legal heirs of the member provided, of course, that such legal heir falls within the class of permissible beneficiaries enumerated in the statute which restricts the payment of the fund.

Furthermore, even though we were of the opinion that the words "heirs at law", as used in the Druid's charter, are of such sweeping import as to include the instituted heir, we should nevertheless be forced to the conclusion that Mrs. Poff is not entitled to the fund for the reason that she admittedly does not fall within the group of persons set forth in the Act. Should the Constitution of the fraternal order be viewed in any other light, it would permit a member to accomplish indirectly what he could not do directly and since Mrs. Poff could not have been legally named as beneficiary of the insurance, she cannot now, by reason of the insured's failure to designate a beneficiary, claim the fund.

Mrs. Poff, in stressing her claims to the proceeds of the insurance, has directed attention to our decisions in the case of Hicks v. District Grand Lodge No. 21, etc., 158 So. 386, Id., 159 So. 413, and Id., 164 So. 276, where the contest was quite similar to the one now under consideration. Since the final judgment in the Hicks Case was in favor of the instituted heir, it is necessary to investigate our holdings in that matter in order to determine whether it is distinguishable from the present contest. There, it appeared that the insured member had designated one Henry C. Hicks as beneficiary of his policy of insurance in the Odd Fellows Fraternity. Hicks, the named beneficiary, Henry J. Odom, a nephew of the deceased, and Emily Stewart Foster, the universal legatee under his last will and testament, made claim for the proceeds of insurance.

The insurer, the Fraternal Order of Odd Fellows, deposited the fund in the registry of the court. On first hearing of the case, the claims of Odom, the deceased's nephew, and that of Mrs. Foster were dismissed on exceptions of no right or cause of action. Odom thereupon prosecuted an appeal to this court where the judgment dismissing his claim on exception was reversed (see 158 So. 386) it being our opinion that he, being a blood relative of the deceased, would be entitled to recover the insurance proceeds if he could prove (1) his relationship to the assured and (2) that Hicks, the designated beneficiary under the policy, was ineligible, under Act No. 256 of 1912, to receive the fund.

After our decision with respect to Odom had become final, Mrs. Foster, as instituted heir of the deceased, appealed from the judgment dismissing her claim on an exception of no right or cause of action. We again reversed the action of the district court in maintaining this exception (159 So. 413) in the following language [page 414]:

"But Odom overlooks the fact that Emily Stewart Foster claims as universal legatee, and he also overlooks the fact that, when we overruled the exception dismissing his claim, we did so because of the fact that we felt that in the absence of a name beneficiary the proper heir of the deceased is entitled to the proceeds of the policy. The reasoning found in the opinion heretofore rendered by us on the appeal of Odom is now applicable and forces the conclusion that the judgment sustaining the exception and dismissing the claim of Emily Stewart Foster was not correct. If Emily Stewart Foster is the universal legatee and if there is no named beneficiary, then she is entitled to the proceeds of the policy for the reasons given by us in our former opinion. If, on the other hand, Henry J. Odom is the heir at law and there is no named beneficiary, then he is entitled to the proceeds, so that the real question is whether or not Emily Stewart Foster is entitled to the proceeds as heir or whether Odom is the real heir. The controversy is between these two parties, and it can best be settled by overruling the exception of no right of action directed at Emily Stewart Foster and by remanding the matter so that she and Henry J. Odom, in the court below, may present their respective claims for recognition as the heir of the deceased Washington Odom."

The case was therefore remanded to the district court for the admission of evidence touching upon the question as to whether Mrs. Foster or Odom was the heir of the deceased and entitled as such to the proceeds of the insurance. When the matter was tried on this issue, she offered proof of the fact that she was the universal legatee under the last will and testament of Washington Odom, the insured member, and when the nephew, Henry J. Odom, sought to adduce evidence of his relationship to the deceased, the testimony was excluded upon objection by counsel for Mrs. Foster. Judgment was accordingly rendered in favor of Emily Stewart Foster and the nephew's claim was dismissed. On the appeal of the nephew to this court (164 So. 276), we held that:

"It would not advantage the claim of Odom to prove his alleged relationship in view of the fact that the other claimant for the proceeds has established her claim as an instituted heir. A nephew is not a forced heir in Louisiana; consequently, the universal legatee has a prior claim."

After the finality of our decision on the last appeal, Odom, the nephew, applied to the Supreme Court for a writ of certiorari. The writ was denied.

Counsel for Mrs. Poff proclaim that her position in this contest is identical with that of Mrs. Foster in the Hicks Case. While it must be conceded that, at first blush, the cases seem to be parallel, an analysis of the facts and contentions here submitted for adjudication reveals that a marked difference exists between them. In demonstration of this fact, it will be noticed that, in the Hicks Case, it did not appear that there was any provision contained in the constitution or by-laws of the Odd Fellows with respect to payment of the insurance fund in case one of its members failed to designate a beneficiary or in the event a named beneficiary was found to be ineligible. On the other hand, in the instant matter, the constitution of the Order of Druids provides for such a contingency by declaring that, in the event the insured member fails to designate a beneficiary, then the fund shall be paid to his heirs at law. Hence, in view of what we have heretofore said with respect to our interpretation of the Druid's constitution, it is readily seen that this case is

distinguishable from the Hicks matter on that ground alone.

But aside from this, it is our belief that the cases may be differentiated on another ground. Should error, if any, be discovered in the Hicks matter, it occurred on the second appeal (159 So. 413) when we were considering whether the petition of Mrs. Foster stated a right or cause of action. It was suggested to us at that time, by counsel for the opposing claimant, that Mrs. Foster could not recover the insurance proceeds in any event because she did not fall within the class of permissible beneficiaries set forth in the applicable statute. It does not appear that this point was ever considered as, indeed, the conclusion reached was based upon the view that Mrs. Foster, having alleged that she was the instituted heir of the member, was entitled to have her day in court and should have been permitted to prove that, as against the other claimant, she was legally entitled to the fund.

When the matter came before us the third time (164 So. 276), we merely decided that a universal legatee takes the succession assets in preference to collateral kindred and no mention is made of the point that Mrs. Foster was ineligible to receive the avails of the insurance.

■ Since counsel for Mrs. Poff in the instant case seek to have us resolve this matter in her favor on the authority of the Hicks decision, we feel that we should make a clear statement of the views we now entertain which were, confessedly, not taken into consideration at the time the opinions in that matter were written. We now hold that, in case the insured member of a fraternal benefit society fails to designate a lawful beneficiary, where there is no provision in the charter concerning the person to whom the fund shall be paid under such circumstances, the instituted heir is entitled to the proceeds over all other claimants except forced heirs provided such heir falls within the class of permissible beneficiaries designated in Act No. 256 of 1912. It does not appear in the Hicks Case whether Mrs. Foster was or was not within the class of persons eligible to receive the insurance fund as provided by the statute and, for this reason, we are unable to determine the correctness of the conclusions there reached. We do not now conceive that it was ever our intention, in deciding that case, to decree that a person not falling within the class prescribed by the Act was entitled to recover the insurance fund for such a result would indeed have been destructive of all of our prior pronouncements on the subject.

■ Finally, Mrs. Poff asserts that, if she is not entitled to the insurance fund as Rolland's universal legatee, she should be given it in her capacity as testamentary executrix of his estate. We find no merit in this contention. Art. 9, Section 9, of the Constitution of the Order of Druids provides in part:

"It (the mortuary benefit) does not constitute a part of their (the members') estates to be administered, nor have they any right in or control over the same, except the power to designate the person, or persons, to whom, as beneficiary or beneficiaries, within the limitations hereinabove provided, the same shall be paid at the death of a member." (Words in parentheses ours)

■ It is true that, in cases of ordinary life insurance, the proceeds thereof form part of the estate of the assured in the event there is no named beneficiary in the policy. But, it is otherwise, under certificates issued by fraternal benefit insurance societies, as those organizations must pay the proceeds in the manner prescribed by Act No. 256 of 1912.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

WESTERFIELD, J., dissents.