194 So. 583

### SEEBERRY et al. v. DISTRICT GRAND LODGE NO. 21, UNITED ORDER OF ODD FELLOWS OF LOUISIANA.

No. 35581.

Feb. 5, 1940.

Rehearing Denied March 4, 1940.

Blum & LeBlanc, of Donaldsonville, and Henican, Carriere & Cleveland and C. Ellis Henican, all of New Orleans, for plaintiff in writ.

Chas. F. Fletchinger, of New Orleans, for defendants in writ.

PONDER, Justice.

This case comes to us on review from the Court of Appeal, Parish of Orleans.

The plaintiffs, William Seeberry and Mary Louise Seeberry, instituted this suit against the District Grand Lodge No. 21, United Order of Odd Fellows of Louisiana seeking to recover $500 under a certain death benefit certificate. From the allegations in the plaintiffs' petition it appears that the defendant issued a death benefit certificate to their father, William Seeberry, who was a member of the defendant order, wherein their mother, Martha Seeberry, was named beneficiary. It appears that plaintiffs' father, William Seeberry, died in the City of New Orleans on February 15, 1937, and that their mother, the named beneficiary, had died prior to the death of their father. The defendant interposed exceptions of no cause or right of action predicated on Section 1 of Article 1 of the by-laws of the defendant order. The exceptions were sustained in the lower court, but on appeal the Court of Appeal reversed the finding of the lower court and remanded the case for further proceedings. The defendant sought review by this Court which was granted. The case is now submitted for determination.

Section 1 of Article 1 of the by-laws of the defendant order is as follows:

"Upon satisfactory proof of the death of an Odd Fellow in good standing who has complied with all requirements of the Order and the provisions of these laws a sum of money named in his certificate shall be paid to the beneficiary named in such certificate provided such beneficiary survives the deceased member, provided further that such beneficiary must be either the wife, child, father, mother, brother or sister or relative by blood to the fourth degree of said deceased Odd Fellow; provided that if no such beneficiary be named,

or if the beneficiaries so named do not survive the deceased member, or if the beneficiary named by such a person as is not entitled to receive benefits under the laws of the State or under these laws, the benefits under such certificate shall revert or be paid as follows: one-half to the Constituent Lodge of which the deceased was a member and one-half to the Bureau of Endowment of this Order."

The defendant contends that Act No. 256 of 1912 is not applicable for the reason that grand and subordinate lodges of Odd Fellows are expressly excluded by the provisions of Section 29 of the Act and consequently the restrictions with respect to beneficiaries provided therein do not apply to the defendant.

In support of this contention counsel for defendant cites that part of Section 29 of Act No. 256 of 1912 which reads, "nothing contained in this Act shall be construed to affect or apply to grand or subordinate lodges * * * Odd Fellows * * *."

A mere reading of Section 29 of Act No. 256 of 1912 in its entirety refutes the defendant's contention. The first paragraph of this section, the pertinent part of the section, reads as follows:

"Nothing contained in this Act shall be construed to affect or apply to grand or subordinate lodges of Masons, Odd Fellows or Knights of Pythias (exclusive of the Insurance Department of the Supreme Lodge Knights of Pythias), and the Junior Order of United American Mechanics (exclusive of the Beneficiary Degree or insurance branch of the National Council Junior Order United American Mechanics), or societies which limit their membership to any one hazardous occupation, nor to similar societies which do not issue insurance certificates, nor to an association of local lodges of a society now doing business in this State which provides death benefits not exceeding three hundred dollars to any one person, or disability benefits not exceeding three hundred dollars in any one year to any one person or both, nor to any contracts of reinsurance business on such plan in this State, nor to domestic societies which limit their membership to the employees of a particular city or town, designated firm, business house or corporation, nor to domestic lodges, orders or associations of a purely religious, charitable and benevolent description, which do not provide for a death benefit of more than one hundred dollars, or for disability benefits of more than one hundred and fifty dollars, to any one person in any one year; provided, always, that any such domestic order or society which has more than five hundred members, and provides for death or disability benefits, and any such domestic lodge, order or society which issues to any person a certificate providing for the payment of benefits, shall not be exempt by the provisions of this section, but shall comply with all the requirements of this Act. The Secretary of State may require from any society such information as will enable him to determine whether such society is exempt from the provisions of this Act."

Domestic orders having more than five hundred members issuing death cer-

tificates are amenable to the Act. Local lodges or societies providing death benefits exceeding $300 are governed by the Act. The defendant would be governed by the Act because the death certificate herein calls for $500.

The defendant cites Walker v. Benevolent Association, 148 La. 961, 962, 88 So. 232. The case is not applicable because there was no death benefit certificate involved and the provisions of Act No. 256 of 1912 were not considered.

The defendant contends that Section 1 of Article 1 of its by-laws is valid for the reasons that the prohibition against beneficiaries outside the designated classes has absolutely nothing to do with a provision calling for a reversion to the brotherhood in the absence of a surviving, eligible, designated beneficiary.

■■ Under the provisions of Section 6 of Act No. 256 of 1912 the payment of death benefits is confined to the wife, husband, relative by blood to the fourth degree, father in-law, mother in-law, son in-law, daughter in-law, step-father, step-mother, step-children, adopted children or person or persons dependent on the member. The "lodge" and "bureau of endowment" of the order are not permissible beneficiaries under the provision of the Act. The payment of death benefit certificates or policies issued by fraternal societies are restricted to the group of persons named in the Act. The defendant cannot by the mere manipulation of words defeat the purpose of the Act by making the lodge or bureau the beneficiary by calling it a reversion. Moreover, the plain-

tiffs being heirs of the deceased member are among those enumerated in the Act as permissible beneficiaries and are entitled to receive the proceeds of the death benefit certificate in the absence of an eligible named beneficiary. Evans v. Eureka Grand Lodge, La.App., 149 So. 305; Evans v. District Grand Lodge No. 21, La.App., 151 So. 664; Hicks v. District Grand Lodge No. 21, La.App., 158 So. 386; Grand Grove of Louisiana, United Ancient Order of Druids v. Rolland, La.App., 184 So. 724.

For the reasons assigned, the judgment of the Court of Appeal is affirmed and the writ herein issued is recalled.