ELLIS, Judge.
Plaintiff ha9 brought this suit against the defendant for the sum of $114.90 for work done in painting on an hourly basis.
On April 27, 1953 domiciliary service was made upon the defendant and on May 18, 1953 a preliminary default was entered which was confirmed on May 22, 1953, when judgmént was rendered and signed, from which defendant appealed on June 6, 1953.
Defendant in his brief admits the service, preliminary default as well as the confirmation, but maintains that this cause be remanded to the District Court for further trial on the merits. His contention is based upon the statements in his brief that the defendant, although domiciled in the Parish of St. Tammany, where he maintained a residence, was at the time of service employed in New Orleans, seldom returning to his residence; that the service was made upon his wife, who was ill, and highly nervous; that she laid the citation aside or lost it and that he had no knowledge whatsoever of the suit until notice of judgment by domiciliary service was made on him on May 26, 1953; that his wife handed him this notice June 2, 1953, when he immediately employed counsel, and this appeal was taken. The brief further states that on the merits the defendant will prove an overpayment of the alleged indebtedness by the sum of $37.
The plaintiff maintains the default was regularly and legally entered and confirmed and the judgment should be affirmed.
The appellant cites the case of Bell v. Holdcraft, La.App., 196 So. 379, for his position that a remand of this canse is entirely within the discretion of this review* ing Court. We agree with this statement.
The Only other case cited in appellant’s brief is Woods v. William Rednour Transfer & Storage Co., La.App., 3 So.2d 213. This last case is'cited to call our attention to the fact that an appeal is not precluded when a judgment is rendered by default and there is no motion for a new trial. We also agree with this holding. However, this case presented only a motion to dismiss the appeal and is not apposite here since the appeal has been granted and no motion to dismiss has been filed.
The Bell case, supra, is more in point since the appellant is urging that this cause be remanded in the interest of justice.
In the Bell case the Appellate Court held that relief might be affordéd against a judgment regardless of inattention or neglect when the circumstances show some deprivation of a legal right and the enforcement of the judgment would be tinconscientious and inequitable. In that case the defendant had made an appearance through counsel who filed a plea of prescription. Some four years later this plea was referred to the merits by consent of counsel and subsequently overruled, a preliminary default entered and confirmed, when judgment was rendered for plaintiff as prayed for. Some months later, but within a year, the defendant appeared through a different, counsel than the one who filed the plea of prescription, and applied for and was granted a devolutive appeal. In the Appeal Court the appellant filed a motion to remand the cause, which motion was supported by affidavits showing that as soon as the plaintiff’s petition was filed the defendant sought the advice of counsel, explained his defense and left documentary evidence with him on which he relied to prove the claim had been paid; that he was under the impression his counsel would defend the suit, and he was justified since the plea of prescription was filed.. Nothing was done for four years after the filing of this plea and the client depended upon his counsel to' notify him'of any developments, but it was only after his property was seized that he had any knowl *366 edge that he had not been represented at the trial and thereupon he took immediate steps and employed another counsel to protect his rights. Under these circumstances, supported by affidavits, the .upper Court felt that the interests of justice would'best be served by remanding the case in order that. the defendant might properly present his defense. It is to be noted that .to the application for.remand there were attached bills marked “paid”, and, no doubt, the appellant should have had a chance to prove these bills were genuine.
These circumstances, as set forth in the Bell case, are quite different from those in the case at bar, and the appellant has not substantiated' his position with anything but the statements in his brief. His statements are unsupported by any affidavits.
While we recognize the remanding of causes rests within our sound discretion, we do not feel that the circumstances outlined in appellant’s brief, the alleged facts of which are unsupported, are such that the ends of justice here require such- a remand.
' The judgment of the district court is' affirmed.