283 So.2d 547 (1973)
Ruby Stout YOUNG, Plaintiff-Appellee,
v.
Pearlie WARNER (Deceased), and Flossie Warner, Defendants-Appellants.
No. 9477.
Court of Appeal of Louisiana, First Circuit.
August 23, 1973.
*548 Charles Cassidy, M. Bogalusa, for defendants-appellants.
Lolis E. Eli, New Orleans, for plaintiff-appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
Plaintiff, Ruby Stout Young, initiated this suit against defendants, Pearlie and Flossie Warner, claiming ownership of three parcels of immovable property in the City of Bogalusa, Louisiana. The suit was styled as a petitory action and action to remove cloud from title. Defendants were alleged to be in possession of the property without any legal right or just title thereto. From a judgment in favor of plaintiff rendered *549 on confirmation of default, defendants have devolutively appealed.
The sole issue presented is whether the default judgment should be reversed and the case remanded to the trial court.
The record shows that Ruby Stout Young was married to Victor A. Stout in Pearl River County, Mississippi, on November 14, 1937. After their marriage plaintiff and Victor Stout established their matrimonial domicile in Louisiana. On June 27, 1944, Victor A. Stout acquired ownership of the following described immovable property in Washington Parish, Louisiana:
Lots Thirteen, Fourteen, and Fifteen (13, 14, 15) of Block Five (5) of the Washington Addition to the City of Bogalusa, Louisiana.
Victor A. Stout died in December of 1956. On September 15, 1958, the Succession of Victor A. Stout was opened by plaintiff and on September 24, 1958, a judgment of possession was rendered placing her in possession of the above described premises as the surviving spouse of Victor A. Stout.
According to the record, on March 22, 1958, in another proceeding the Succession of Victor A. Stout had been opened by a Mrs. Francis Mondy Stout. The petition in that proceeding alleged that Victor A. Stout and Francis Mondy Stout had been married on November 6, 1943 in Bogalusa, Louisiana and that the property here at issue was acquired on June 27, 1944 during the existence of that marriage. On April 1, 1958 a judgment of possession was rendered in that succession proceeding placing ownership of the property in Francis Mondy Stout and her two daughters, Melba Stout and Betty Jean Stout. On September 1, 1970, defendants, Pearlie and Flossie Warner, acquired the property by act of sale from Francis Mondy Stout.
On November 29, 1971, plaintiff, Ruby Stout Young, filed this suit against Pearlie and Flossie Warner. According to the sheriff's returns in the record personal service was made on Flossie Warner and domiciliary service was made on Pearlie Warner on December 2, 1971. A preliminary default was entered on January 21, 1972. On May 5, 1972, no answer or other pleadings having been filed by defendants, the judgment of default was confirmed.
At the confirmation hearing plaintiff testified concerning her claim to the property and her marriage to Victor A. Stout. She testified that there had never been any divorce and that she and Victor A. Stout were still married at the time of his death in December of 1956.
Mrs. Emma Louise Jefferson also testified that she knew plaintiff and her deceased husband, Victor A. Stout. She stated that she knew plaintiff and Victor A. Stout were married and that they were still married at the time of Mr. Stout's death in 1956.
The trial court confirmed the preliminary default and decreed that the deed from Francis Mondy Stout to defendants, as well as the judgment placing Francis Mondy Stout in possession of the property, be erased from the public records. Notice of this judgment on confirmation of default was personally served on both defendants on June 20, 1972. On September 6, 1972, defendants were granted a devolutive appeal and on September 13, 1972 their appeal bond was filed.
Defendants contend that the default judgment should be reversed and the case remanded.
Defendants assert in brief that they did not receive notice of the suit against them until June 20, 1972 when they received the notice of confirmation of the default judgment. Defendants allege that the service of process on December 2, 1971 was made on someone other than Flossie Warner. Defendants state in brief that on that date Flossie Warner was in New Orleans with Pearlie Warner who was hospitalized there at that time.
*550 It is well settled that one who seeks to have a default judgment against him set aside must allege and prove good reasons for his non-appearance which would excuse his failure to plead any defense that he might have had. DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951); Pryor v. Gions, 188 So.2d 739 (2nd La.App.1966). It is equally well established that the official returns of service of process by public officers are presumed correct and the burden of proof rests upon those attacking the returns to establish their incorrectness. Logwood v. Logwood, 185 La. 1, 168 So. 310 (1936); Nationwide Acceptance Company v. Alexis, 201 So.2d 21 (4th La.App.1967). This burden can only be discharged by clear and convincing proof. Logwood v. Logwood, supra; Wilson v. King, 227 La. 546, 79 So.2d 877 (1955).
We find no such clear and convincing proof presented on this appeal. In addition it has been held that an appellant may not raise for the first time on appeal the defense that he did not receive proper service of process. Crescent Welding Supply Co. v. Harding, 197 So.2d 405 (4th La. App.1967).
In the case of Hasert v. Crumb, 71 So.2d 364 (1st La.App.1954) this court refused to remand a case in which an appeal had been taken from a default judgment where the only justification offered for remanding the case was the mere allegation in the appellant's brief, unsupported by affidavits, that he had not received service of process.
In the case at bar we are presented with only the unsupported allegations in defendants' brief that they did not receive notice of the suit prior to confirmation of default. The sheriff's returns in the record show that defendants received notice of the suit on December 2, 1971. In view of this evidence we find no justification for a remand of this case on the grounds that defendants did not receive proper notice of the suit.
Defendants also contend that the record shows possession of the property by the defendants and their ancestor in title, Mrs. Francis Mondy Stout, for a period in excess of ten years, in good faith, and with just title. Thus, defendants argue that this would amount to a valid defense of acquisitive prescription to the claim of ownership by plaintiff and contend that we should either reverse or remand the case in view of this defense.
We find no merit in this contention. While La.C.C.P. Art. 2164 provides that an appellate court may render any judgment which is just and proper on the record, it is well settled that a defense not pleaded in the trial court may not be raised for the first time on appeal. Lindner v. Cotonio, 175 La. 352, 143 So. 286 (1932); X-L Finance Company v. Fenske, 197 So. 2d 182 (1st La.App.1967).
In DeFrances v. Gauthier, supra, defendant alleged on appeal from a default judgment that the indebtedness sued for therein was based on an illegal or immoral consideration. Defendant argued that certain checks at issue therein, the amount of which plaintiff had been awarded in the default judgment, were issued in payment of various gambling debts and thus did not represent an enforceable obligation on his part. The Supreme Court refused to pass on this defense on the grounds that once a default judgment is rendered it is too late to raise a defense concerning the morality of the obligation sued upon.
Also, in Jenkins v. Tillman, 221 So.2d 895 (1st La.App.1969) this court refused to pass upon a plea of prescription raised by brief alone for the first time on appeal from a default judgment.
Therefore, in view of the above mentioned authorities, we decline to consider defendants' alleged defense of acquisitive prescription raised for the first time on appeal.
Defendants' main contention on appeal concerns allegations that the default judgment *551 was obtained by fraud and ill practices. Defendants specifically allege that the judgment was based on false, fabricated, and perjured testimony. Defendants state in their brief that plaintiff, Ruby Stout Young, was married to one Edgar Magee in Mississippi on July 18, 1932, and that she was not legally divorced from Edgar Magee until December 10, 1937. Defendants assert that plaintiff knew she was still married to Edgar Magee at the time of her marriage to Victor A. Stout on November 14, 1937, thereby rendering her marriage to Victor Stout a nullity. Thus, defendants contend that plaintiff's testimony concerning her marital status at the time Victor A. Stout acquired the subject property amounts to perjury which renders the default judgment null on the grounds that it was based on insufficient evidence.
It has been held that a judgment obtained through the use of perjured testimony is erroneous as a matter of law because it is based on insufficient evidence. Walsh v. Walsh, 215 La. 1099, 42 So.2d 860 (1949), certiorari denied, 339 U.S. 914, 70 S.Ct. 575, 94 L.Ed. 1340 (1950); Alleman v. Guillot, 225 So.2d 607 (1st La.App. 1969), writ refused, 254 La. 858, 227 So.2d 596 (1969). However, in the instant case proof of the alleged perjury is not properly before us.
It was early recognized by our Supreme Court in the case of State v. Sommerville, 112 La. 1091, 36 So. 864 (1904) that the case presented by an appeal from a default judgment is the case that was heard and decided by the trial court and that which is contained in the record.
We find nothing in the record before us on this appeal to substantiate defendants' claim that the default judgment was obtained through fraud or ill practices. The allegations of perjury are contained only in appellant's brief. No attempt was made by defendants to tender affidavits or other evidence in support of this allegation in the trial court via a motion for new trial after they received notice of the judgment.
Appellate courts cannot speculate upon facts which are not properly a matter of record and are thus not susceptible of review. Perry v. Reliance Insurance Company of Philadelphia, 157 So.2d 903 (1st La.App.1963); Bidwell v. Binnings Construction Company, 228 So.2d 240 (1st La. App.1969).
In our view defendants could have placed this issue and evidence pertaining thereto before the trial court via a timely motion for new trial. See McKinney v. Levy, 212 So.2d 279 (2nd La.App.1968). Defendants admit receiving notice of the judgment on June 20, 1972. However, they took no action until September 6, 1972, when they sought and obtained an order granting them a devolutive appeal from the judgment.
Additionally, if the judgment was obtained through fraud or ill practices there was available an adequate remedy at law for defendants' relief. Under the provisions of C.C.P. Art. 2004 defendants could seek to have the judgment of May 5, 1972 set aside if their contentions are in fact supported by complete proof. Jenkins v. Tillman, supra; Community Construction Company v. Scott, 235 So.2d 168 (4th La.App.1970).
We have carefully examined those cases which confirm the rule of law that equity requires that a litigant should not be penalized because of oversight of his counsel or where it is clearly shown that an understandable mistake was made on the part of the party cast in a default judgment. Pfeiffer v. Hemisphere International Corporation, 153 So.2d 467 (4th La.App.1963); Weinberger Sales Company, Inc. v. Truett, 2 So.2d 699 (Orl.App.1941); Muller v. Hoth, 105 La. 246, 29 So. 709 (1901); Succession of Robinson, 186 La. 389, 172 So. 429 (1937); Burthe v. Lee, 152 So. 100 (Orl.App.1934); and Bell v. Holdcraft, 196 So. 379 (2nd La.App.1940). In each of these cases the following conditions were present: there was a timely application for *552 a new trial and the issue on appellate review was whether the trial judge abused his discretion in granting or refusing a new trial. Further, the record itself reflected the evidence relied upon to justify a remand to prevent what appeared to be an inequitable or unconscionable result. These cited cases are clearly distinguishable from the case at bar because the record in this instant cause contains no such evidence.
Plaintiff asserts in brief that she is entitled to damages for frivolous appeal. We find no merit in this contention. Our review of the record discloses that plaintiff neither appealed nor has she answered the appeal of defendants as provided in La.C. C.P. Art. 2133. It is well settled that an appellee who has neither appealed nor answered the appeal has no standing to demand damages for frivolous appeal. Ansley v. Stuart, 126 La. 369, 52 So. 545 (1910); Verges v. Noel, 17 La.Ann. 67 (1865); Gaughan v. J. J. Lips, Inc., 17 La.App. 696, 137 So. 363 (1931).
Accordingly, for the above reasons, the judgment of the district court is affirmed at defendants' costs.
Affirmed.